## SUPREME COURT.

ROBERT TAYLOR agt. DUDLEY PERSSE and others.—Two actions.

*It seems*, that by the scope and operation of the 468th section of the Code, the former judgment creditor's suit under the Revised Statutes, "to compel the discovery of any property or thing in action belonging to the defendants," is repealed or superseded; and that § 292 providing for proceedings supplementary to execution, is substituted therefor.

But this does not reach an action brought by a judgment creditor to set aside an assignment made by his judgment debtor, as fraudulent and void, as against creditors. Such an action is entirely different in its object from that primarily sought by the institution of supplementary proceedings, or by a mere creditor's bill.

Where the plaintiff had as a judgment creditor, commenced proceedings supplementary to execution, against the defendants; and subsequently commenced an action against the same defendants to set aside an assignment made by one of the defendants to another defendant, as fraudulent and void;

*Held*, on motion to compel the plaintiff to elect between the two proceedings, and to proceed in one only, that the motion must be denied. Being doubtful whether under any circumstances this would be the proper course, to compel a plaintiff to elect between a valid and invalid proceeding.

*At Chambers, April* 8, 1858.

MOTION by defendants to compel the plaintiff to elect between two proceedings, and to proceed in one only.

FIELD & SLUYTER, *for motion.*

J. W. GILBERT, *opposed.*

CLERKE, Justice. In one of these actions, the plaintiff recovered judgment against the defendants; and after the return of an execution unsatisfied, issued upon the judgment, he commenced supplementary proceedings about the 2d of December, 1857, pursuant to section 292 of the Code. On the 11th of March, 1858, he commenced an action in the nature of a creditor's bill, to set aside an assignment made by the defendants Persse, Brooks and Megie, to the defendant Forrest. This is a motion to compel the plaintiff to elect between these two proceedings, and to proceed in one only.

VOL. XV. 27

Taylor agt. Persse and others.

The action allowed by statute before the Code, (2 *R. S.* 173, § 41, *marginal paging*,) to a judgment creditor, after the return of an execution unsatisfied, "to compel the discovery of any property or thing in action belonging to the defendant;" and "to prevent the transfer of any such property, money or thing in action," &c., was a remedy in all respects substantially the same in its scope and object, as that subsequently provided by the Code, (§ 292,) and now amply available. The latter is much more simple, direct and effectual in its mode of opera- tion; and although it does not in direct terms repeal or super- sede the other, I think the existence of the former is so mani- festly unnecessary, that it may be reasonably deemed incon- sistent with the new and better remedy. It may, therefore, be considered within the scope of section 468 of the Code; which repeals all statutory provisions inconsistent with the provisions of the Code. This was, evidently, the view taken by the superior court, in *Quick* agt. *Keeler*, (2 *Sand. S. C. R.* 231,) and in *Dunham* agt. *Nicholson*, (2 *id.* 636.) The question presented in these cases was, whether a judgment creditor was at liberty to proceed by a complaint in the nature of a credit- or's bill, where his execution was returned unsatisfied before the Code? The court decided that the complaint could be maintained, but purely on the ground that the subsequent act declaring the application of the Code, did not apply its provi- sions relative to proceedings after execution, to suits then existing, except where the execution had been issued after the Code took effect. If the execution had been issued after the Code took effect, it is to be inferred, necessarily, *that as the new remedy provided by the Code, would reach the case*, they would have decided that the plaintiffs could not have proceeded by a complaint in the nature of a creditor's bill.

But if I am to rely on the plaintiff's affidavit, the second ac- tion is not commenced for the purpose of "compelling the discovery of property belonging to the defendant," and "to prevent the transfer of it or the payment or delivery thereof," but to set aside, as fraudulent and void, an assignment made by the defendants Persse, Brooks and Megie, to the defendant

Forrest, conveying their partnership property only, and not embracing their individual property.

This is an object entirely different from that primarily sought by the institution of supplementary proceedings, or by a mere creditor's bill. And as I am not to suppose, that the plaintiff intends to include anything more in his complaint, which is not yet filed, I must deny this motion.

Besides, I doubt whether under any circumstances this would be the proper course. I could not compel a plaintiff to *elect* between a valid and invalid proceeding.

It is another question, indeed, when supplementary proceedings have been once commenced, whether the plaintiff can sue in his own name to set aside, as fraudulent, a conveyance of property previously made by the defendants.

Section 299 of the Code, says : " If it appears that a person alleged to have property of the judgment debtor, &c., claims an interest in the property adverse to him, such interest shall be recoverable only in an action against such person *by the receiver.*" Justice HARRIS in *Goodyear* agt. *Betts*, (7 *How.* 188,) considers the language of the provisions broad enough to bear the construction to which I have referred; but he thought it was intended that it should be confined in its operation to cases, where proceedings supplementary to execution, as in the present case, had already been instituted. He thought the judgment creditor himself could sue where no supplementary proceedings had been commenced. The general term, however, in the fourth judicial district, in *Hayner* agt. *Fowler*, (16 *Barb.* 300,) and in *Seymour* agt. *Wilson*, (*ib.* 294,) decided that a receiver appointed under supplementary proceedings could not bring a suit to set aside conveyances executed by the judgment debtor prior to the appointment of the receiver, and that it must be done in all cases by the judgment creditor himself.[1] This is an interesting question, and one that must very fre-

[1] The doctrine of these cases referred to in *Barbour*, has been overruled by the court of appeals, in *Porter* agt. *Clark*, (12 *How.* 107,) and in *Seymour* agt. *Wilson*, (*ante p.* 355.) The latter decision is made in the same case reported in 16 *Barb.* 294.—[REPORTER.

quently arise in this district; but, as the question is not properly before me on the present motion, or, rather as it is not necessary for me to decide it on this occasion, I dismiss this application on the ground above intimated.

Motion denied with $10 costs.