1860]          WISCONSIN REPORTS.          459

Graham et al. vs. La Crosse and Milwaukee Railroad Company et al.

# GRAHAM et al. *vs.* LACROSSE & MILWAUKEE RAIL ROAD COMPANY et al.

### APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard November 9, 1859.]          [Decided January 17, 1860.

### *Creditor's Bill—Supplemental Proceedings.*

Proceedings supplemental to the execution established by the code, are a substitute for an action by creditor's bill, and constitute the only manner of obtaining the relief formerly had under a creditor's bill.

This was an action commenced by Lawrence G. Graham and Donald Scott, against the La Crosse and Milwaukee Rail Road Company, Selah Chamberlain, Moses Kneeland, Jackson Hadley, Edwin H. Goodrich, Z. G. Simmons, E. Mariner, James Luddington, Coles Bashford, Samuel Hale, Daniel Wells, jr., C. Clement, George E. Dexter, B. G. Gill, E. O'Neil, W. D. Chapin, William Chappell, E. Cram, Thomas Falvey, and E. Cramer, respondents, in the nature of a creditor's bill, setting forth two judgments for $11,170, and $29,804,57, and costs against the railroad company. The others were made parties because they were supposed to have some interest as lessors, bondholders, and receivers of money, &c. The complaint asked for a receiver, and settlement of the indebtedness of the company. All the defendants except the Railroad Company, filed demurrers and assigned reasons:

" 1. The court hath no jurisdiction of the subject of the action.

" 2. There is a defect of parties plaintiff. The La Crosse and Milwaukee Rail Road Company should have been made plaintiff.

" 3. There is a defect of parties defendant.

" 4. Several causes of action have been improperly united in this complaint.;

" 5. The complaint does not state facts sufficient to constitute a cause of action."

This demurrer was sustained by the circuit court, and the plaintiffs appealed.

*M. H. Carpenter*, for the appellant.

After a judgment creditor has exhausted his remedy at law, he may invoke the power of a court of equity to set aside fraudulent conveyances, and to reach all trust property, all equitable interests, and choses in action, belonging to the debtor, which cannot be reached by execution at law. This power of a court of equity is not dependant upon statutory provisions, but is a part of the inherent power and original jurisdiction of a court of equity to grant relief wherever a right exists at law, and the modes of proceeding in courts of law afford incomplete remedy. This was decided, as to trust property and equitable interests, in *Hendricks vs. Robinson*, 2 J. Ch., 283; *Brinkerhoof et al. vs. Brown et al.*, 4 J. Ch., 671; *McDermutt et al. vs. Strong et al.*, 4 J. Ch., 689; *Spader vs. Davis et al.*, 5 J. Ch., 280; s. c., 20 John., 555; *Egbert vs. Pemberton et al.*, 7 J. Ch., 208.

2. The code has only changed the form in which the right is to be sought, but has not pretended to take away any *rights* which before existed. *Rogers vs. Horn*, 2 Code Rep., 79; *Hammond vs. The Hudson R. Iron and M. Co. et al.*, 20 Barb., 378.

It is true that the "*proceedings supplementary*" are, in some cases, a sufficient substitute for the creditor's action but they are cumulative upon the remedy by action, and, moreover, do not apply to corporations. *Hinds vs. Canandaigua and N. F. R. R. Co.*, 10 How. Pr., 487; *Sherwood vs. B, and N. Y. City R. R. Co.*, 12 How. Pr., 136; *Tappan vs. Evans*, 11 N. H., 311; *Bigelow vs. Cong. Soc. Middleton*, 11 Vt., 283–86; *Waterman vs. Cochran et al.*, 12 Vt., 699; *Gordon vs. Lowell*, 21 Maine, 251; *Williams vs. Hubbard*, Walker Ch., 28; *Wright vs. Petrie*, 1 S. and M. Ch., 282; *Balletine vs. Beal*, 3 Scam., 203; *Bean vs. Smith*, 2 Mason, 252; *McElwain vs. Willis*, 9 Wend., 559; Willard's Equity, p. 240.

Legislatures cannot abolish the general jurisdiction of equity. Const. of Wis., art. VII, sec. 2; *Rubens vs. Joel*, 3 Kern., 488; *Voorhies vs. Child*, 17 N. Y., 361.

3. This creditor's action is the appropriate, and often the only, remedy to enforce payment by a corporation.. *Bigelow vs. Cong. Soc. Middleton*, 11 Vt., 283; *Wright vs. Petrie*, 1 S and M. Ch., 282; *Blanchard vs. Cawthern*, 4 Simmons R., 566; *Covington Drawbridge Co. vs. Shepherd et al.*, 21 How. U. S., 112.

The better opinion is that the franchise of a corporation is not the subject of sale on execution at law, and our revised statutes, chap. 78, secs. 11–15, do not apply to railroad companies. Angel and Ames on Corporations, sec. 641, note 1; *Trustees Pres. Society vs. A. & R. R. R. Co.*, 3 Hill, 567.

In this case we steer clear of all the question ever made, for the funds we are trying to reach in the hands of Goodrich are *trust funds* within every definition. They are the funds which came to the hands of Goodrich while a director of the company; and no cases, I suppose, need be cited to show that a director is a *trustee*, &c. 1 Story Eq. sec. 465, 466, 466 a; *Chan. Corp. vs. Sullon et al.*, 2 Atk., 400–4; *Hodges vs. N. E. Screw Co.*, 1 R. I., 312–40.

But the stronghold of the defence, as I understand it, is in our revised statutes, p. 875, chap. 148, sec. 18, for the sequestration of the property and effects of insolvent corporations.

1. We say this statute vests in the circuit court a *discretionary* power only, in the nature of a *visitorial* power. In a certain case, if the creditor ask it, the court *may* sequestrate; &c.

2. The statutory remedy is cumulative only, and not exclusive of the creditor's suit. I have already shown that the creditor's suit flows from the general jurisdiction of courts of equity, and is not founded upon any statute. " If a statute give a remedy in the affirmative, (without a negative expressed or implied), for a matter which was actionable by the common law, the party may sue at the common law, as well as upon the statute; for this does not take away the common law." 2 Inst., 200; Com. Dig. Title, " Action on Statutes, C.;" *Amey vs. Harris*, 5 John., 174; *Farmers &c. vs. Coventry*, 10 John., 389; *Coldsen vs. Eldred*, 15 John., 220; *Chittenden vs. Wilson*, 5 Cow., 165; *Rex vs. Leicester*, 7 Barn. and Cres., 6.

In *Byron vs. May*, 2 Chand., 103, we find an authority nearer home, and similar to this case. *State vs. Norton*, 3 Zabriskee, N. J. 33, 40; *Mayor Bal. vs. Howard*, 6 Har. and J., 383; *Booker vs. McRoberts*, 1 Cal., 213; *Sharp vs. Warren*, 6 Price, 231; s. c., 2 Eng. Ex. Chr. R. 408; *Peoule vs. Craycraft*, 2 Cal., 243.

*J. W. Carey*, for the respondents.


*By the Court*, PAINE, J. The conclusion to which we have come upon one question presented in this case, will make it

unnecessary for us to determine any of the others. That is, that the action known under the old system of practice as the creditor's bill, cannot now be resorted to, as such, but that the proceedings supplemental to execution, established by the code, are a substitute therefor, and constitute the only manner of obtaining the relief formerly had under a creditor's bill.

In reaching this conclusion, two questions had to be determined; *first*, did the legislature intend such a result? and *second*, if so, was it competent for them so to provide? Upon the question of intent, we think there is little room for doubt. Although it was a conceded power of a court of equity to aid a judgment creditor to reach property which the ordinary legal process could not reach, yet before the adoption of the New York statute in regard to a creditor's bill, the power was somewhat unsettled as to its extent, and the precise term and conditions upon which it might be exercised. This appears from the cases cited by the appellant's counsel. *Egberts vs. Pemberton*, 7 J. C. R., 207; *Hadden vs. Spader*, 20 John, 554; And in *McElwain vs. Willis*, 9 Wend., 559, Justice Nelson referred to the statute as having removed the doubt that might before have existed as to the extent to which the creditor must pursue his remedy at law, before he could resort to equity. The statute seems to have been evidently designed to remove whatever of uncertainty might previously have existed under the equity decisions, and to recognize expressly the existence of the power, and to prescribe definitely the conditions upon which it might be exercised. This statute was copied into the statutes of 1849, in this state, and under the old law, was usually regarded as the statute authorizing and regulating the proceedings by creditor's bill. Under this state of things the code was adopted, the professed object of which was to abolish all distinctions in the forms of proceeding between legal and equitable actions, and to establish a single, uniform

system, under which must be sought all the relief which it was competent for judicial tribunals to provide. This system revises the whole matter of the execution of judgments, and establishes the proceedings supplemental to execution, under which all the relief may be reached that was formerly had by a creditor's bill. These facts seem to me to go far towards establishing the intent of the legislature that this particular relief should, like all other kinds of relief, be subsequently obtained only in the manner prescribed by the new system. And this conclusion is greatly strengthened by the fact that the action for a discovery, which usually constituted an important part of a creditor's bill, was expressly abolished.

We see, accordingly, that in New York, even though the old statute authorizing the creditor's bill was not expressly repealed, there are several decisions which held it to have been superceded by the provisions of the code, in respect to supplemental proceedings. In *Quick vs. Keeler*, 2 Sand. Sup. Ct. Rep., 231, the supplemental proceedings are spoken of as a substitute for the creditor's bill, and the bill was sustained in that case upon the express ground that the execution had been returned before the code took effect, and that the plaintiff was not entitled to the new remedy. The same view is taken in *Dunham vs. Nicholson*, in the same volume, 636; and in *Taylor vs. Persse* and others, 15 How. Pr. Rep., 417, the judge held that the new proceeding was "more simple, direct, and effectual in its mode of operation," than the old, and that the latter should be considered as repealed, though not expressly repealed.

It is true that in some cases the right to proceed by creditor's bill has been sustained, but it was on the express ground that the statute authorizing it was not repealed by the code, but remained in force. Such was the decision in *Catlin vs. Doughty*, 12 How., 458; but that reason would clearly im-

ply that if the statute had been expressly repealed, the intent would have been clear that the party must resort to the new remedy. In this state that has been done. The statutes of 1849 were repealed by the revision of 1858, and at the time this suit was brought, the only law in force providing for obtaining the relief here sought, was that establishing the supplemental proceeding. Without determining, therefore, which of these two classes of decisions in New York has the better reason, where the old statute was not repealed, they both seem to show that in this state, where it was repealed, the legislature intended to make the new remedy exclusive. There would seem to be, really, no room for doubt on the question of intent.

Was it, then, competent for the legislature so to provide? This was denied by the appellant's counsel, who contended that the power to furnish the relief sought in a creditor's bill was an established part of equity jurisdiction, before the adoption of the New York statute on the subject, and consequently existed independent of the statute, and being a part of the equity jurisdiction conferred by the constitution on the courts of this state, could not be abolished by the code. We think both of these propositions may be conceded without settling the question. For it may be admitted that the power to furnish this relief was a part of the equitable jurisdiction conferred by the constitution on the courts, and that it cannot be abrogated by the legislature, but the question would still remain, whether the legislature may not regulate the manner in which it shall be furnished, at their pleasure, so long as they leave the power unabridged? And we think they may. It stands, in this respect, upon the same footing with many other distinct forms of proceeding under the old system, which have been abolished, leaving the same relief, however, attainable under the new. Thus the action of replevin was an established action at law, at the time our constitution was

Graham et al. vs. La Crosse and Milwaukee Railroad Company et al.

adopted, and the power to furnish the relief obtained in that action, might, perhaps, be said to have been conferred upon the courts by the grant of jurisdiction in suits at law, beyond the power of the legislature to abrogate. But it will not be contended that they may not change and regulate the mode of proceeding to obtain that relief, at pleasure. And they have done so in the code. It is now to be sought in an action for the claim and delivery of personal property. The same may be said of the bill for discovery. The relief it furnished was a part of the equity jurisdiction. The bill has been abolished, but the jurisdiction remains and furnishes the relief in another manner. And we think the same reasoning applies to the relief by the creditor's bill. The legislature may regulate the mode of obtaining it, without abolishing the power. And this is what they have done by the code. Whether the new method of proceeding is, in all respects, as convenient and desirable as the old, is not the question. Upon this there seems to be a difference of opinion in the New York decisions. But we think that all the relief that could ever be reached by the creditor's bill, may be obtained by the supplemental proceedings including the action, by the receiver therein provided for. And this being so, it was within the power of the legislature to regulate it as they have done.

We were referred to Willard's Equity Jurisprudence, p. 240, where the author considers the new remedy cumulative, and that "it does not take away the right of the creditor to resort to a court of equity for relief." He also thinks the new remedy not entirely adequate to all cases, and that "an action in the nature of a creditor's bill is still as important and necessary as it was before the code, and the principles of equity on which that bill was based, remain now, as heretofore, an essential part of remedial justice." The learned author cites no authority upon the subject, nor does he state upon what

Vol. X.                30

Graham et al. vs. La Crosse and Milwaukee Railroad Company et al.

grounds he still maintains the right to resort to the action in the nature of a creditor's bill, independent of the proceedings supplemental to execution. It may have been upon the ground of the decision in *Catlin vs. Doughty*, that the old statute was still in force in that state. But if so, as already shown, that reason does not exist here.

So far as his remarks raise a question about depriving parties of the right to resort to a court of equity, we do not understand that there is any such question in the case. Instead of depriving the party of that power, we understand that it is expressly retained, only that in all cases where third persons claim property adversely to the judgment debtor, the action to recover it must be brought by the receiver. It seems to us that this secures the aid of the court of equity in all cases, where the prior proceedings were inadequate, and furnishes all the relief that could ever be obtained by the creditor's bill.

We think, therefore, as the law now is in this state, that this relief can be obtained only by a resort to the proceedings supplemental to execution, including the action by the receiver, where such become necessary.

Whether such proceedings will lie against a corporation, we shall not determine. It seems to have been held in New York that they would not, as it was previously held that a creditor's bill would not. But, as the question we have already decided must finally dispose of this suit, we shall not attempt to determine any others.

For the reasons given, the order of the court below is affirmed, with costs.