WINSLOW vs. DOUSMAN, impleaded with others.

Chapter 303, Laws of 1860, restored the remedy by creditor's bill substantially as it existed under chap. 84, R. S. 1849, before the adoption of the code.

Where several persons, although unconnected with each other, are made defendants to a creditor's bill, a demurrer for misjoinder will not lie, if they have a common interest centering in the point in issue in the cause.

A creditor's bill alleged that the judgment debtor (against whose property execution had been issued, and returned unsatisfied,) had choses in action, goods, lands, &c., either in his possession or held in trust for him, which the plaintiff was unable to reach by execution, and also alleged that said judgment debtor had made a conveyance of certain lands to one G. D., which was fraudulent as to the plaintiff, and had also conveyed certain other lands to G. D., who had conveyed them to M. D., and that both of said conveyances were without consideration, and were made in fraud of plaintiff's right. Prayer, for the appointment of a receiver and the other relief usual in such cases against the judgment debtor; and that G. D. and M. D. be restrained from disposing of the lands so conveyed to them, *or* that said conveyances be adjudged fraudulent and void, and the lands subjected to sale on execution to satisfy plaintiff's judgment. *Held,* on demurrer, that there was no misjoinder of parties nor f causes of action.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this action avers that in October, 1863, the plaintiff recovered in said circuit court a judgment against *George D. Dousman* for $4576.85 damages, in an action on express contract; that the judgment was duly docketed with the clerk of said court in November following, and execution duly issued thereon, on which the sheriff made return of *nulla bona ;* that the judgment remained wholly unsatisfied at the commencment of this action; that said defendant *George D. Dousman* had a considerable amount of notes, due bills, bonds and mortgages, contracts, accounts, money, legal and equitable debts, claims and demands due him from different persons (whose names were to the plaintiff unknown), and that he had goods, chattels, lands, tenements, leasehold interests in real estate, &c., either in his possession or held in trust for him, which plaintiff was unable to reach by execution, and which ought to be appropriated to the payment of his judgment; which property plaintiff feared said defendant would make way with or place beyond the reach of the court, unless restrained by injunction. The complaint further avers that at the time of contracting the debt on which said judgment was founded, and on the 1st of May, 1861, said *George D. Dousman* was the owner of certain described real estate in Milwaukee county; that on the day last mentioned, he conveyed certain specified portions of said real estate to his son *Henry M. Dousman* without any consideration; that on the 10th of the same month, said *George D.* and his wife, *Martha A. Dousman,* conveyed by warranty deed to said *Henry M. Dousman,* certain other specified parts of said real estate, certain of which were occupied by *George D. Dousman* and his wife as a homestead; that on the same day *Henry M. Dousman* conveyed the same property by warranty deed back to said *Martha A. Dousman*; that said conveyances from *George D.* to *Henry M.* and from *Henry M.* to *Martha A.*, were all without consideration, and were made in fraud of the rights of plaintiff as creditor; and that the real property so conveyed

constituted, at the time of such conveyance, all the property of value belonging to said *George D.* out of which plaintiff could make the amount of his judgment aforesaid; that said *Henry M.* and *Martha A.* well knew the fraudulent intent of *George D.* in making said conveyances, and that the property so conveyed ought to be appropriated toward the payment of plaintiff's said judgment. Judgment is therefore demanded, that a receiver of all the property and effects of *George D. Dousman* be appointed by the court; that said *George D.* might be directed to assign and transfer to such receiver, upon oath, under the direction of a master of the court, all his property, equitable interests, things in action, money and effects, and all the books and papers relating thereto, and the evidences thereof; that out of said money &c., plaintiffs might have satisfaction of said judgment; that said *George D.*, his attorneys &c., might be enjoined from collecting, selling &c., or in any manner using, encumbering or disposing of, any demands due him, or any real or personal estate, whether in his own possession and held in his own name, or held by some other person for his use ; that the defendants *Henry M.* and *Martha A. Dousman* be restrained, until the further order of the court, from in any manner disposing of the lands conveyed to them as hereinbefore stated ; that said receiver be ordered to take possession of and to sell all the property of *George D. Dousman* (except so much of the real estate conveyed as above described as was occupied by him for a homestead), or so much thereof as might be necessary, and apply the proceeds to the payment of plaintiff's said judgment, with the costs and charges of this suit, or that the conveyances above described be adjudged fraudulent and void, and the property be subjected to sale on execution to satisfy said judgment.

The defendant *Martha A. Dousman* demurred to the complaint on the grounds that *Henry M. Dousman* was improperly joined as a defendant therein; that several causes of action were improperly united, which did not all of them affect all

the parties, and which were not separately stated ; and that the facts stated did not constitute a cause of action against her. The demurrer was overruled, and said defendant appealed.

*E. Mariner*, for appellant:

1. There are three causes of action attempted to be set out in this complaint: one against *George D. Dousman*, in the nature of a general creditor's suit, under chapter 303, Laws of 1860 ; another against *George D.* and *Henry M. Dousman*, to have the first named conveyance declared void as to creditors, and to subject the land to the payment of the judgment; and a third against *George D.* and *Martha A. Dousman*, to have the second named conveyance declared void as to creditors, and to subject the land to the payment of the plaintiff's judgment. To the first of these, neither *Henry M.* nor *Martha A. Dousman* is a proper party. They are not alleged to be debtors of the judgment debtor, nor in any respect in privity with him, nor to hold any property in trust for him. The premises conveyed to them are not his assets; they are not held in trust for him. Creditors are not entitled to have them marshalled as his assets. *Petre v. Espinasse*, 2 Mylne & K., 496, 503 ; *Randall v. Phillips*, 3 Mason, 378. They are only entitled to have judgment that the grantees hold the property *as trustees of the creditors to the extent of their debts*, and that it be subjected *to their execution*. Persons indebted to the judgment debtor, or who hold property in trust for him, stand on a different footing. In the one case the court takes through the judgment debtor, what *he* can take ; in the other, independently of the debtor, what *he* cannot take. To the second cause of action the appellant is not a necessary or proper party. She has no interest in the subject matter. She does not claim through the same deed. The same may be said of the third cause of action set out. There must be three judgments in the action, no one of which is in any case contingent on either of the others. 29 Barb., 391. If this practice is to prevail, it is difficult to see where it is to stop. What is to prevent joining a further cause of action

against other parties to foreclose a mortgage made to the judgment debtor; another to set aside a cloud on the title of the debtor's property, and another to set aside a conveyance made by mistake? 2. It is as much a condition of the right to join several causes of action, that they be stated separately, as that the causes joined all affect all the parties, or that they do not require different places of trial. Causes of action which are united but not separately stated, are *improperly united*. The remedy is by demurrer. The *majority* of the New York cases are against me, but they give their reasons, and the practice to be substituted, which is not uniform in the cases, and which *is not warranted by the statute*. The only authority claimed for the practice by motion is found in section 22, chap. 125, *R. S.* By it, only allegations so indefinite and uncertain that the precise nature of the charge or defense is not apparent, can be amended. The cases may be found in 1st Whittaker, 644. 3. The complaint does not state a cause of action against the appellant. The remedy sought to be enforced here was supplanted by the code (*Graham v. The La Crosse Co.*, 10 Wis., 459), and it exists now only as *a statutory remedy*, and only to the extent of the letter of the statute. The right of action is given only " to compel the discovery of property or things in action belonging to the judgment debtor, and of any property, money or things in action, due or held in trust for him." It is not alleged that there is any contract to reconvey this property, nor that it is held by the appellant for the use or benefit of, or in trust for, the judgment debtor. It is alleged that the fraudulent conveyance was made with intent to defraud the creditors of the judgment debtor, but as there are no facts alleged upon which to found such a conclusion, other than the fact that the conveyance was without consideration, that allegation must be taken as a mere conclusion of law. *Owen v. Homan*, 3 Eng. L. & E., 112. In the absence of such an allegation, or of such facts as induce such a conclusion, the complaint is not sufficient to allow the plaintiff to proceed un-

der that statute. Again, the statute does not contain any directions for relieving the receiver from the fund after one shall have been raised under it. Nor does it provide any way in which the receiver may get the control of property not in the possession of the judgment debtor.

*Joshua La Due*, for respondent, cited chap. 303, Laws of 1860; *Eldridge v. Bell*, 12 How. Pr. R., 547; and to the point that a defendant cannot demur to relief demanded in the alternative, if the complaint shows the plaintiff entitled to either form of relief demanded, he cited *Western Insurance Co. v. Eagle Fire Insurance Co.*, 1 Paige, 284; 2 id., 396; 3 id., 320; 4 id., 309; 11 id., 161; 3 N. Y., 202; 4 Johns. Ch., 671.

*By the Court*, COLE, J. We have no doubt that the legislature, by the passage of chapter 303, Laws of 1860, intended to restore the remedy by creditor's bill substantially as it had existed under chapter 84, R. S. 1849. The law of 1860 was passed immediately upon the decision in *Graham v. La Crosse & Milwaukee R. R. Co.*, 10 Wis., 459, being announced, wherein it was held that the remedy by creditor's bill, as it had theretofore existed, had been superseded by the supplementary proceeding under the code; and the manifest object of the act was to restore the former remedy. No other conclusion is admissible in view of the history of legislation upon this subject. And I am confident that in some unreported case, the title of which I am unable to recall, this precise point has already been decided by this court.[*] However this may be, the language used in the first section of the law of 1860 is almost identical with that employed in section 7, chap. 84, R. S. 1849, and a clearer case of an intention to restore the former remedy can hardly be presented. The point, therefore, that the remedy given by chap. 303 is something different in its scope and purpose from the old remedy by creditor's bill, cannot be successfully maintained.

[*] See *Gates vs. Boomer*, 17 Wis., 455.—REP.

The question then arises, is the complaint in this case good under the old practice? The principal objection taken to the complaint by the appellant is, that it professes to set out three causes of action of distinct natures, against three defendants not connected in interest. It is argued that the complaint states one cause of action against *George D. Dousman*, in the nature of a general creditor's suit under chapter 303, Laws of 1860 ; another against *George D.* and *Henry M. Dousman*, to have the conveyance of lot 1, block 19, declared void as to creditors, and subject the property to the payment of the judgment mentioned in the complaint; and a third against *George D.* and *Martha A. Dousman*, to have another conveyance of other real estate likewise declared void as to creditors, and subject that to the payment of the same judgment. The object of the suit then is, to reach property which the judgment debtor *George D. Dousman* has fraudulently conveyed to his son *Henry M.*, and a portion of which the latter conveyed to his mother *Martha A.*, wife of *George D.*, for the purpose of placing it beyond the reach of creditors. The claim against all is of the same nature, that all the defendants have combined and acted in concert in these fraudulent transactions, and "all have a common interest centering in the point in issue in the cause." So that, while the title to one piece of property is in one defendant, and the title to some other distinct piece in another defendant, yet these various titles were taken and are now held for a common purpose, and to accomplish the same fraudulent end. All are privy to and have been concerned in acts tending to the same illegal result. The matters are not distinct, but are, in truth, all connected with the same fraudulent transaction, in which all the defendants have participated. Where this is the relation of the defendants, it has been held that they may be joined in the same suit. In the case of *Fellows v. Fellows*, 4 Cowen, 682, this whole subject in regard to multifariousness in a creditor's bill is most ably discussed, and the authorities reviewed. The rule deduced from the cases was,

that " where several persons, although unconnected with each other, are made defendants, a demurrer will not lie if they have a common interest centering in the point in issue in the cause." P. 700. The allegations in this case bring the case fully within the reach of that principle. Here the defendants were connected in the same purpose, and have a common interest in the point in issue. We do not think there is any improper joinder of defendants, or of causes of action, in the complaint.

The order of the circuit court overruling the demurrer is affirmed.