## WILLIAMS vs. SEXTON, impleaded &c.

Chap. 303, Laws of 1860, restored the remedy by creditor's bill substantially as it existed under chap. 84, R. S. 1849, before the adoption of the Code. *Winslow vs. Dousman,* 18 Wis., 456, followed.

A complaint in the nature of a creditor's bill, which avers that the judgment debtor owns or is in some way beneficially interested in certain real estate definitely specified and described, and alleged to be worth more than the judgment debt, shows that the plaintiff's legal remedy has not been exhausted, and he is not entitled to the interference of equity.

Such a complaint, in this case, alleges that plaintiff's assignors of the judgment had commenced supplementary proceedings against one of the defendants, but abandoned them before the commencement of this action. *Held,* that these allegations would not defeat the present action. *Second Ward Bank v. Upman,* 12 Wis., 499, followed.

A complaint in the nature of a creditor's bill is subject to the general principles of pleading established by the Code.

Verboseness in a complaint no ground of demurrer. The proper remedy is by motion to strike out the superfluous matter.

APPEAL from the Circuit Court for *Waukesha* County.

This was a creditor's bill, filed in April, 1862, to enforce a judgment against *John Poe.* The defendant *Sexton* demurred to the complaint, on the grounds that the court had no jurisdiction of the action ; that several causes of action had been improperly joined ; and that the complaint did not state a cause

of action.  The demurrer was overruled, and *Sexton* appealed. So much of the complaint will be found stated in the opinion, as is necessary to explain the demurrer.

*Butler & Cottrill*, for appellant, contended that the creditor's bill, which had been superseded by the statute providing for proceedings supplementary to execution (*Graham v. La C. & M. R. R. Co.*, 10 Wis., 459, and *Seymour v. Briggs*, 11 id., 196), was not restored by ch. 303, Gen. Laws of 1860, which does not confer upon the court any power to compel a discovery and to decree satisfaction of the judgment out of the debtor's property when discovered.  2.  That even if a creditor's bill in proper form could now be upheld, the remedy must be pursued subject to the general statutory regulations in reference to pleadings; and that the bill in this case, by reason of its verbiage and redundancy, and its lack of definiteness and certainty, was so objectionable that a demurrer to it would be sustained.  3.  That the complaint shows upon its face that the remedy at law has not been exhausted.  4.  That the complaint shows supplementary proceedings to have been pending when this action was commenced.  *Griffin v. Dominiguez*, 2 Duer, 656.  The allegation that they were abandoned does not aid the plaintiff.  They should have been discontinued, and costs paid or tendered.  *Spaulding v. M. & H. R. R. Co.*, 12 Wis., 607.

*Hurlbut & Hassell*, for respondent.

*By the Court*, COLE, J.  The first point taken upon the brief of the counsel for the appellant has already been ruled against him in the previous decisions of this court.  See *Winslow v. Dousman*, 18 Wis., 456.

Had a motion been made to strike out the redundant and superfluous matter contained in the complaint, we think it should have been granted.  The precedent for the complaint is undoubtedly the old form for a creditor's bill given in Barbour's Chancery Practice, and consequently the complaint is

needlessly prolix and verbose. It is bad pleading under the Code, but the proper way to take advantage of this defect is by motion. Sec. 22, chap. 125, R. S.

It is further claimed that the complaint shows upon its face that the remedy at law has not been exhausted. An examination of the complaint will show that this objection is well taken. For it is distinctly alleged therein, " that at the time " of the commencement of said action, in which said judgment " was rendered, and since that time, the said John Poe also " carried on the business of farming &c., and was then and " now is the owner of, or in some way or manner beneficially " interested in, the following described real estate," &c., giving a full description of such real estate, and alleging that it is worth considerably more than enough to satisfy the judgment recovered against him. Now if this allegation is true—and the respondent must be bound by it on this demurrer—then clearly she has no reason whatever for invoking the aid of a court of equity. She can obtain satisfaction of her judgment by proceeding and selling the real estate belonging to the judgment debtor upon execution. Why come into a court of equity, when, according to her own showing, she has a complete remedy at law ? The remedy by creditor's bill only exists in aid of an execution at law, and where the judgment debtor has concealed or placed his property beyond the reach of that writ. Hence the necessity for coming into a court of equity under those circumstances, to remove the obstacle and reach the property. But no such necessity exists here, according to the allegations of the complaint, since the judgment debtor's real estate is known, and can be reached by an execution.

We do not think what is said in the complaint about instituting proceedings supplemental to an execution would defeat this action. It appears that those proceedings had been abandoned. See *The Second Ward Bank v. Upman*, 12 Wis., 499.

The order overruling the demurrer is reversed, and the cause remanded for further proceedings.