SEAMAN vs. GOODNOW, impleaded with others.

*Creditor's Bill against Joint Stock Company—Secs. 19 and 23, Ch. 73, R. S.—Joinder of causes of action.*

1. In a creditor's bill against a joint stock company (organized under ch. 73, R. S.) and the officers, directors and stockholders thereof, the complaint does not show a cause of action against the directors under sec. 23 of said chapter, where it merely alleges that they refused to make a certificate, signed by the president and secretary, in either of the months of July or January following the organization of said company, showing the facts enumerated in sec. 19. It should further be alleged that the indebtedness to the plaintiff was contracted *after* such refusal, and *before* the making of any subsequent annual statement.

2. In such a complaint, a cause of action against the directors or officers of the company, under said sec. 23, cannot properly be joined with one against delinquent stock subscribers, and one against parties to whom property of the company is alleged to have been illegally transferred by its officers. But the two causes of action last mentioned may be joined.

APPEAL from the Circuit Court for *Milwaukee* County.

Action in the nature of a creditor's bill against the Milwaukee, Chicago and St. Louis Steam Towing and Freight Co., *William Goodnow* and others. The complaint, after alleging the recovery of a judgment by plaintiff against said company, and the return of execution thereon unsatisfied, and that *Goodnow* and others were stockholders in the company when the indebtedness so recovered upon was contracted, further avers that *Lee* and *Kingsley*, two of such defendant stockholders, were directors of the company from its organization, and that they "neglected and refused to make a certificate, signed by the president and secretary, in either of the months of July or January following the organization of the company, showing the amount of their capital actually paid in," &c., &c., following the language of sec. 19, ch. 73, R. S. Then follow averments to the effect that after the contracting of said indebtedness to plaintiff, the capital and assets of the company were converted by the president and treasurer, with the assent of the stockholders defendant, to the payment of the private debts of said officers, by being assigned to certain creditors of theirs, to wit,

certain banks which are made defendants herein; that the company is insolvent, and was so before such transfer; that the stock subscriptions of the stockholders defendant have never been fully paid up; that there are other creditors of the company, including laborers and servants, having claims for services rendered within six months before demand (sec. 25); and that certain of the defendant stockholders are insolvent. Prayer in the usual form, including a demand that said banks defendant be decreed to pay over said property of the company, or the proceeds or value thereof; that delinquent stockholders be required to pay amounts due on their subscriptions; that on a deficiency of assets then appearing, the stockholders be decreed to pay said debts to laborers and servants; and that said directors *Lee* and *Kingsley* be decreed to pay all other claims of creditors who may elect to come in under the judgment, &c.

Demurrer by *Goodnow* for misjoinder of causes of action, and that no cause of action was shown against him. Demurrer overruled, and judgment rendered against *Goodnow*, from which he appealed.

*Jas. G. Jenkins*, for appellant, cited *Fellows v. Fellows*, 4 Cow., 683; *Judson v. Rossie Galena Co.*, 8 Paige, 598; *Wells v. Jewett*, 11 How. Pr. R., 242; sec. 30, ch. 125, R. S.

*G. S. P. Stillman*, for respondent:

The several causes of action need not affect the defendants equally (*Vermeule v. Beck*, 15 How., 333); nor need their interests be similar. Any person may be made a party who has or claims an interest in the controversy, or is affected by the cause of action, or without whom there cannot be a complete determination of the questions involved in the case. R. S., ch. 122, secs. 19, 22; ch. 125, sec. 29; *Armstrong v. Pratt*, 2 Wis., 299; *Geisse v. Beall*, 3 id., 367. A cause of action, therefore, affecting any one of such parties, is not improperly united with a consistent cause of action affecting any other such party. *McLachlan v. Staples*, 13 Wis., 451; *Bank v. Suydam*, 6 How., 379; *Adams v. Bissell*, 28 Barb., 382–5; *Robinson v. Flint*, 16

How., 240; *Badger v. Benedict*, 1 Hilt., 414; 1 Paige, 20; 12 Barb. 28; 17 How. Pr. R., 76; *Churchill v. Trapp*, 3 Abb., 306. Nor is it cause of demurrer that the causes of action require different modes of trial. Van Santv. Pl., 683. All the rules which apply to equitable suits, and are not inconsistent with the code, are still to be regarded, and govern this case; and not those which are applicable only to actions of a purely legal character. Preamble to Code, Laws of 1856, ch. 120, and secs. 361–3 of same; *Coit v. Coit*, 6 How., 53; 5 id., 216; 4 id., 317; 10 id., 164; 2 Duer, 486. The complaint, therefore, need not show a joint cause of action against all the defendants. That rule is only applicable at law, and never did apply in equity. Courts of equity always gave relief although there might be improper parties, as to whom the bill might be dismissed with costs (*Eldredge v. Bell*, 12 How., 549); or though the bill was bad in part (1 Johns. Cas., 429); nor is a bill deemed multifarious where it sets up one sufficient ground of relief and another distinct untenable claim. 5 Paige, 137, 254; 9 id., 188. If a bill contain several matters all of which may be taken into consideration as prayed for (as in taking an account), although relief may ultimately be given in respect to some of them only, the bill will not be deemed multifarious. Story's Eq. Pl., 281; 2 Younge & Coll., 444. Though a bill contains two distinct subject matters wholly disconnected with each other, and though the remedy be at law as to some, yet if a court of equity get jurisdiction, it will, to avoid the multiplication of suits and unnecessary expense to litigants, treat the bill as though it were single, and proceed with the matter over which it has jurisdiction as though that were the sole object of the bill. *Prescott v. Everts*, 4 Wis., 314; Story's Eq. Pl., 299, 490, and cases there cited.

DOWNER, J. The appellant's counsel maintains that the circuit court erred in overruling the demurrer of the appellant to the complaint, because three several causes of action are improperly united: 1st. A cause of action against the banking

corporations, to recover property, or its value, belonging to the Milwaukee, Chicago and St. Louis Steam Towing and Freight Co. 2d. A cause of action against certain defendants as delinquent stock subscribers. 3d. A cause of action against some of the defendants as directors, founded on sec. 23, ch. 73, R. S.

We are of opinion that the complaint does not set out a cause of action under sec. 23. That section provides that "If the president, directors or secretary of any such corporation shall intentionally neglect or refuse to comply with the provisions of, and to perform the duties required of them respectively by, the seventeenth, eighteenth and nineteenth sections of this chapter, such of them so neglecting or refusing shall jointly and severally be liable, in an action founded on this chapter, for all the debts of such corporation contracted during the period of any such neglect and refusal." It is not averred in the complaint that any of the directors or officers of the company *intentionally* neglected or refused to comply with the provisions of, and to perform the duties required of them by, those sections : and also other essential allegations are wanting to make a cause of action founded on that chapter, or the 23d section of it. We agree, however, with the attorney of the apellant so far as this, that if there were a cause of action set out under that section, it could not be united with the others.

The two first named causes of action may be united. *Winslow v. Dousman*, 18 Wis., 456.

*By the Court.*—The judgment of the circuit court is affirmed, with costs.

A motion for a rehearing was afterwards denied.

DOWNER, J. The appellant insists, in his argument on a motion for rehearing, that the complaint does set out a cause of action against some of the directors, founded on sec. 23, chap. 73, R. S. It is said, it alleges a refusal to make at the July or January following the organization of the company, the annual certificate required by section nineteen. We think it does not set

out the refusal with the particularity required. It does not aver that the debt of the plaintiff was contracted after such omission or refusal, and before the making of the next annual statement thereafter. This was necessary; for if the annual statement was made at the January or July immediately preceding the contracting of the plaintiff's debt, it is obvious the plaintiff has no cause of action under section 23.

For these and reasons given in the previous opinion, the motion must be overruled.

*By the Court.*—The motion is denied.