By the Court,—Monell, J.
The recent decision *497 of the court of appeals in the Matter of Buff (41 How. Pr. 350) has disturbed the heretofore supposed rule that no appeal lies from a discretionary order. In that case it is held, that the appellate court may review all orders which affect a substantial right; although the granting of such orders rests in the discretion of the court.
Under the authority of that case, I am of opinion that the order from which the appeal is here taken, may be reviewed by the general term. It was an order made in a summary application, in an action after judgment, and affected a substantial right. Code, § 344.
The order being, therefore, open to review, it remains to be' seen whether there was an exercise of a sound discretion in refusing to appoint a receiver.
The defendant, upon his examination under the supplemental order, had testified that in October, 1867, he had made an assignment of all his property, for the benefit of his creditors; and there was no proof that he had since acquired any other property. He, however, stated his belief that there ought to be assets belonging to him in the hands of the assignees,'after all claims against the estate were settled, unless the property was sacrificed. It was clear, therefore, that there was no tangible property of the judgment debtor to pass to a receiver, and hence there was nothing for a receiver to receive. The possibility of there being a surplus over the debts which might come to the debtor, could not arise until all the debts, including the plaintiff’s, had been paid by the assignees; and nothing from that source could come to a receiver after the judgment had been satisfied.
But it was claimed by the appellant that there was evidence that the assignment was made with the ifltent to hinder and defraud creditors ; and, therefore, a re *498 ceiver was proper, if not necessary, to reach by action the assigned property, or its avails.
Without examining the ground on which the allegation of fraud rests, it is enough to say, that a receiver is not necessary for the purpose of attacking an assignment. He is, when appointed, clothed with the requisite authority, and may institute proceedings to recover the property of the judgment debtor, wherever it may be, or under what pretext it may be held ; and for that purpose may seek, by action, to avoid a fraudulent assignment. He stands not -merely in the place of the debtor, but represents the creditor, and thus may impeach the fraudulent sales of the debtor (Porter v. Williams, 9 N. Y. 142).
But there is nothing in this respect that a receiver might do that the creditor himself cannot do. He may, upon the return of his execution unsatisfied, proceed, in his own name, by a creditor’s suit, to reach the property of the debtor which he alleges to have been fraudulently transferred ; and in such suit he may, in the proper exercise of the discretionary power of the court, have a receiver of the transferred property. The remedy, under the code, of a supplemental examination and receiver, is merely cumulative, and does not take away the remedy provided by the Revised Statutes (2 R. S. 173, § 38 ; Taylor v. Persse, 15 How. Pr. 417 ; Hammond v. Hudson R. I. & M. Co., 20 Barb. 378).
We cannot see, therefore, any necessity for a receiver in this case, and think that a sound discretion was exercised in refusing to appoint one.
The order appealed from should be affirmed.