CLARK VS. BERGENTHAL.

*March 26 — April 19, 1881.*

SUPPLEMENTARY PROCEEDINGS *commenced before commissioner: Power of circuit court over them.*

If the supplementary proceeding against a judgment debtor after execution returned unsatisfied, which is provided by statute as a substitute for the creditor's bill (R. S., secs. 3030 et seq.), is commenced before a county judge or court commissioner, the latter has power, in a proper case, to appoint a receiver; and the circuit court in which the judgment was rendered cannot by order transfer the supplementary proceeding pending before such officer, or the papers therein, to that court, and proceed thereupon to appoint a receiver; but its power is limited to a *review* of the orders of the inferior officer.

APPEAL from the Circuit Court for *Milwaukee* County. On the 10th of April, 1880, the plaintiff recovered judgment against the defendant in the circuit court for Milwaukee county, for $711.30; and the judgment was docketed the same day in the office of the clerk of said court. Two days later an execution was issued thereon to the sheriff of said county, in which the defendant then, and at the time of the proceedings hereinafter mentioned, resided; and, prior to May 5, 1880, this execution was returned wholly unsatisfied, and still remained unpaid and unsatisfied. Upon an affidavit of the attorney who acted for the plaintiff in obtaining the judgment, showing the facts above stated, an order was issued by Hugh Ryan, as court commissioner of said county, May 8, 1880, reciting the facts, and ordering the defendant to appear before him at his office at a time named, to make discovery, on oath, concerning his property; and the defendant was thereby forbidden to transfer or make any other disposition of any property belonging to him, not exempt by law from execution, or in any manner interfering therewith, until a further order in the premises. The order and affidavit having been served on the defendant, he appeared in person as required, and also by

attorney, and was examined under oath, at length, by the plaintiff's attorney, by and before said commissioner. Upon such examination it appeared, among other things, that there were then pending before Commissioner Harrington in a suit of Lenau & Co. against the defendant, other supplementary proceedings against the defendant, in which also an application had been made for the appointment of a receiver. Commissioner Ryan thereupon ordered that the defendant produce before him, at a time named, certain books, accounts and papers mentioned; and thereupon the proceedings were held open until the time fixed, when the defendant again appeared, and was further examined by the plaintiff's attorney; and these examinations, after being read to the defendant, were subscribed and sworn to by him before said Ryan, who certified to the same. Said proceedings were then held open, by consent, to May 28, 1880, at 2 P. M., when the plaintiff appeared by counsel, and requested Commissioner Ryan to certify the proceedings to the circuit court, which he did accordingly upon that day. Thereupon the defendant made and filed before Commissioner Ryan his affidavit, in effect, that the supplementary proceedings so pending before Commissioner Harrington, in the suit of Lenau and others against him, were commenced November 3, 1879; that the defendant was at that date enjoined therein from disposing of any of his property; that he had been examined therein; that said proceedings were still pending when said order was issued by Commissioner Ryan; and that the injunctional order so issued by Harrington was then still in force. On the same 28th of May, an order was issued by and out of said circuit court, upon the records and proceedings had, and the examination in the supplemental proceedings therein, and the return of Commissioner Ryan thereon, requiring the defendant to show cause before the court, on the 3d of June following, why a receiver of his property should not be appointed therein, and why he should not execute an assignment of all his property, rights, credits

Clark vs. Bergenthal.

and effects, to such receiver, and why plaintiff should not have such other and further relief as might be just; and also requiring that a copy of such order be served on the attorneys for the defendant twenty-four hours before the hearing. At the time for hearing such motion, one of the attorneys for the defendant in the proceedings before Commissioner Ryan, appeared specially and objected to the hearing before the court, for the reason that the circuit court had no jurisdiction in said action to appoint a receiver, and require the delivery of the property to him. This objection was overruled, and said court entered an order appointing a receiver in that action. From this order the defendant appealed.

For the appellant there was a brief by *Murphey & Goodwin*, and oral argument by *Mr. Goodwin*. They contended that the circuit court had no jurisdiction. Supplementary proceedings are a substitute for a creditor's bill, at least so far as any remedy is concerned that could once be obtained in chancery. 7 Wis., 643; 10 id., 459; 11 id., 196. And the rules adopted with reference to proceedings under creditors' bills are held to apply, except where altered by the code. *Griffin v. Dominguez*, 2 Duer, 658; 11 How. Pr., 148. The appointment of a receiver, under supplementary proceedings under the code, is regarded merely as a substitute for the proceedings had for that purpose under the former chancery practice. *Spencer v. Cuyler*, 9 Abb. Pr., 382; *People v. Mead*, 29 How. Pr., 360. Before the code, the appointment of a receiver belonged to equity jurisdiction, and could only be made upon a bill in equity. *Curling v. Marquis Townshend*, 19 Ves., 628; 4 Paige, 574. The court obtained jurisdiction only by the filing of the bill and the service of the subpœna. In proceedings supplementary, or under a creditor's bill, the officer or court must have jurisdiction of the person proceeded against. *Hatch v. Weyburn*, 8 How. Pr., 163. Supplementary proceedings are created by the statutes, and the officers who may act are specified. R. S., sec. 3030. Each of the officers men-

tioned can obtain jurisdiction in the manner prescribed, and in no other way. The court commissioner has, under this statute, no more and no less power than the judge of the court or county judge. If the proper affidavit is made, and the. proper facts exist, the commissioner obtains full jurisdiction, and, having so obtained jurisdiction, is the only one to exercise it. *Ball v. Goodenough*, 37 How. Pr., 479; *Hatch v. Weyburn*, 8 id., 163; *Smith v. Johnson*, 7 id., 39.

For the respondent there was a brief signed by *E. Mariner*, his attorney, with *Frank M. Hoyt*, of counsel, and oral argument by *Mr. Hoyt*. They contended, that, the summons in this action having been properly served, and the circuit court having acquired jurisdiction in the cause, it had jurisdiction of all matters arising therein. *Peck v. Jenness*, 7 How. (U. S.), 624. Supplementary proceedings are proceedings in the action itself, and are not distinct or independent. They are simply auxiliary, and no more a new action than the issuing of an execution. *Barker v. Dayton*, 28 Wis., 367. Neither does the power given to the commissioner to appoint a receiver exclude the exercise of that power on the part of the court. The circuit court, by the powers inherent in it under the constitution, can make an order appointing a receiver in supplementary proceedings in a proper case. *Gould v. Dodge*, 30 Wis., 621. The commissioner was acting as the hand of the court, and his proceedings, properly certified and reported by him, are the acts of the court. *State v. Lonsdale*, 48 Wis., 348.

CASSODAY, J. The power to administer law and the power to administer equity were formerly vested in different tribunals, each having separate and independent jurisdiction. Under that system, when a judgment was recovered in a court of law, and all efforts to collect it by direct methods had failed, such court was powerless to compel discovery of property, money and things in action secretly held in trust for the judgment debtor. To reach such property, money or things in

action, it became necessary to file a bill in equity in another court of separate and independent jurisdiction. Under our system, the two jurisdictions are merged in the same court, and mere forms of action are abolished; but in substance they nevertheless exist, and are necessarily recognized by courts and lawyers. If the right to file such bill of discovery, or creditor's bill, was lost by the adoption of the code in 1856, yet it was fully restored by chapter 303, Laws of 1860, now embodied in section 3029, R. S. *Williams v. Sexton*, 19 Wis., 42; *Winslow v. Dousman*, 18 Wis., 456; *Gates v. Boomer*, 17 Wis., 455. Such creditor's bill can, of course, be brought in the same court where the judgment, which is the basis of the action, was rendered, and the execution returned unsatisfied, or in any other having jurisdiction. In addition to such remedy, the statute gives another remedy more summary and direct, and in many cases just as effectual.

Section 3030, R. S., among other things, provides that, " when an execution against property of the judgment debtor, . . . issued to the sheriff of the county *where he resides*, . . . is returned unsatisfied, in whole or in part, the judgment creditor, at any time after such return is made, is entitled to an order from the judge of the court, or a county judge or court commissioner of *the county* to which the execution was issued, requiring such judgment debtor to appear before him and answer concerning his property, at a time and place specified in the order, *within the county* to which the execution was issued." This remedy is, of course, purely statutory. It was given by the code adopted in 1856, and was intended as a substitute for a creditor's bill in chancery under the old practice, and abolished the same, until restored as stated. *In re Remington*, 7 Wis., 643; *Graham v. Railroad*, 10 Wis., 459; *Seymour v. Briggs*, 11 Wis., 196; *Second Ward Bank v. Upman*, 12 Wis., 499. But in this substituted remedy, like the old or present creditor's bill, it became absolutely essential, in order to give a circuit or county judge or court commis-

sioner *jurisdiction* of this proceeding, that the judgment creditor should have in good faith issued his execution, and that the same should be returned unsatisfied by the officer, who should make all reasonable and diligent search for real and personal property, not exempt from sale, upon which to levy. *In re Remington*, 7 Wis., 651.

. Section 3036, R. S., provides that, "before appointing any receiver, the judge shall ascertain, if practicable, by oath of the party or otherwise, whether *any other* supplementary proceedings are pending against the judgment debtor, and if there be any, the plaintiff therein shall have notice to appear before him, and shall likewise have notice of all subsequent proceedings in relation to such receivership, and *no more than one* such receiver shall be appointed."

Section 2815, R. S., as amended, provides that "where these statutes authorize an order or proceeding to be made or taken by the court, it must be done by the court in session; where these statutes authorize an order or proceeding to be made or taken by the presiding judge, or by the circuit judge, using such words of designation, no county judge or court commissioner can act. Except as so provided, or otherwise expressly directed in particular instances, a county judge or court commissioner may exercise within his county the powers, and shall be subject to the restrictions thereon, of a circuit judge at chambers, according to existing practice and these statutes, in all actions or proceedings in courts of record." The word "judge," as used in section 3036, R. S., therefore, must be construed to include "county judge or court commissioner." This construction is in harmony with the provisions of sections 2434 and 2435. Under these sections it was held, in *Kellogg v. Coller*, 47 Wis., 650, that "the statute contemplates that different proceedings may be pending at the same time, but requires creditors prosecuting prior proceedings to be notified of the pendency of junior proceedings, and that but one receiver shall be appointed."

In the case last cited, LYON, J., said that " a summary proceeding supplementary to execution under the statute, instituted after the return of an execution unsatisfied, is a substitute for a creditor's bill in equity, and is governed by the same rules of law in respect *to the rights and priorities* of parties affected by the proceeding, which control the equitable action. In the creditor's suit, the general rule was, that the creditor who, after filing his bill, obtained the first service of the subpœna upon the judgment debtor, thereby obtained a prior lien upon the equitable assets of such debtor." Pages 655, 656.

These sections of the statute clearly contemplate that, where a judgment is rendered in one county, and subsequently a transcript is filed and an execution is issued thereon to the sheriff of some other perhaps distant county from the first, where the judgment debtor then resides, and such execution is returned unsatisfied, the judgment creditor, at any time after such return is made, is entitled to institute supplementary proceedings before a judge or court commissioner of the county to which the execution was so issued. In other words, whatever be the county or circuit in which the judgment was rendered, the supplementary proceedings, under the sections quoted, are to be instituted and had in the county where the debtor resides at the time. This being the policy of the statute, it should not be frustrated by construction. If the debtor in this case, after the rendition of the judgment, had moved to the most remote county in the state, and if, after transcript there filed, execution had been issued to the sheriff of such county and returned unsatisfied, and supplementary proceedings instituted therein, it would not, we presume, be claimed that the circuit court of Milwaukee county could immediately thereafter assume jurisdiction of such proceedings, and thus compel the debtor to travel hundreds of miles to answer before the court concerning his property.

The very object of authorizing court commissioners and county judges to act in such matters at all, was to prevent

such abuses. If, in the case supposed, the proceedings could not be thus summarily interrupted, then, for the same reasons, we think the proceedings before Commissioner Ryan could not be interrupted by a simple transfer of the papers, as in the present case. This view is strengthened by the fact that the statutes expressly provide that orders made by a court commissioner in such cases "may be reviewed by the court." Section 2815, R. S. So sections 2434 and 2435, R. S., provide that such orders made by a court commissioner or county judge shall be "subject to *review* in all cases by the circuit court, as provided by law and the rules and practice of the court." It is the order or final determination of the commissioner or county judge which is to be thus "reviewed." Of course the word "review" precludes a mere continuation without reëxamination. It implies just what the word imports, and is too well understood in legal parlance to require definition. No authority has been cited in conflict with this view of the case taken, and the practice indicated would seem to be much the safer, and tend to much less confusion and annoyance.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.