S. WARREN LAMSON, APPELLEE, V. DAVID BOHRER ET AL.,
APPELLANTS.

FILED DECEMBER 4, 1901.   No. 10,724.

Judicial Sale: ORDER: OMISSION OF INFERIOR LIEN: REVIEW.  Where
real estate is sold in pursuance of an order of the district court
entered in a decree of foreclosure, and there is omitted from
the order under which the sheriff acts in making such sale a
sum found and decreed to be a third lien, and the property
did not sell for enough to satisfy the prior liens, such omis-
sion in no way prejudices the rights of the owners of the fee
title to the land so sold, and is not sufficient ground for setting
aside such sale.

APPEAL from the district court for Buffalo county.
Heard below before SULLIVAN, J.  *Affirmed.*

*Dryden & Main,* for appellants.

*William Gaslin, contra.*

HOLCOMB, J.

On an application for confirmation of a sale of real
estate made in foreclosure proceedings the owners of the
fee title objected to the entry of the order on the ground
"that the order of sale and all proceedings thereunder
were based upon the original decree and were not in ac-
cordance with the decree as modified November 12, 1897,
in that a lien of David Bohrer for $892.25 was entirely
omitted from said proceedings."  The objection was over-
ruled and the sale confirmed, from which order defendants
appeal.

From the record it appears that in the rendition of a
decree in the action, the plaintiff was given a first mort-
gage lien on the mortgaged premises for the sum of $2,-
606.70, and a tax lien for the sum of $257.49.  One of the
defendants was given a junior tax lien for $230.40, which
was decreed to be a second lien.  Another defendant was
given a third and mortgage lien for the sum of $390.  The

property was ordered sold, and the proceeds brought into court, to be applied on the several liens found to exist according to their priorities. Afterwards, and on the 12th day of November, 1897, on motion of one of the defendants, the decree first rendered was modified so as to give the moving defendant a second mortgage lien on the same premises for $892.25, thus displacing the lien for $390, above mentioned, which, by the modified decree, was made a fourth lien. The property was sold under and in pursuance of the decree first rendered, omitting therefrom the subsequent modification with reference to the third lien as found and determined in the modified decree. In the original decree and as modified the proceeds were directed to be brought into court for distribution, to be applied in the order of priority as fixed therein. The property was duly appraised, sold, and return made by the sheriff of his doings in executing the decree under which he acted. The property was appraised at the sum of $3,526.35, and purchased at the sale thereof by the plaintiff for $2,950, which, after deducting costs, left $2,875.90 to be applied in satisfaction of the decree. The plaintiff's lien alone, which, under the modified decree as well as the original, was a first and senior lien to all others, was not satisfied in full from the proceeds of the sale. After deducting the costs, there yet remained the sum of $638.75 unsatisfied. Nothing remained to be applied on the junior liens found in the decree. How, then, can it be said that any of the parties have been prejudiced by the failure to include in the decree under which the land was sold the modification which only affected subsequent liens as to their respective priority? Plaintiff's mortgage and tax lien at all times remained the senior incumbrance, as first determined in the original decree. What was in fact done and the legal effect thereof, was to omit from the decree under which the sheriff proceeded, mention of the third lien found to exist when the decree was modified. The question, in any view of it, affects only the junior lienors, and does not extend to any of the rights of the holders of the legal title. It is

a matter which perhaps might have a direct bearing on the distribution of the proceeds in the event the amount for which the land sold was sufficient to more than satisfy all liens superior to the third. The proceeds under the original as well as the modified decree were to be brought into court, and there distributed in the order of priority as found by the decree. The court yet had control of the distribution of the proceeds, and could direct their application to the satisfaction of the several liens in conformity with the modified decree. The owner of the fee, unless there was an excess above the amount required to satisfy all liens found existing on the land and the costs of the proceedings, would have no substantial legal or equitable interest in such proceeds. He could only insist that the lands be sold as provided by law, and the proceeds applied, as far as they would reach, in satisfaction of the liens adjudged against the property. This right has been accorded to the owner of the land in the present instance. The irregularity can only be regarded, under the facts as disclosed by the record, as a harmless error, not prejudicial to the substantial rights of the parties complaining, and is therefore no sufficient ground for sustaining the objection interposed and setting aside the sale of the premises made in the manner stated. *Cooper v. Foss,* 15 Nebr., 515; *Miller v. Lanham,* 35 Nebr., 836; *Warren v. Foreman,* 19 Wis., 44.

The final order of confirmation was properly entered, and is therefore

AFFIRMED.