Judge Gkaham
delivered the opinion of the Court.
On the 9th March, 1832, McGoodwin sold and conveyed to Stephenson, a lot of ground in the town of Princeton. In 1842, Stephenson conveyed this lot by deed of mortgage to Webb, to secure the payment of a certain sum of money due to Webb, and which is yet unpaid, although the day of payment has long since passed. In 1839, a suit was instituted by Frazer against Stephenson to recover this lot of ground; and upon a very protracted litigation, a decree was finally rendered, declaring the title of Frazer superior to that of Stephenson, and requiring him to surrender the possession and pay a certain amount for rents. Having thus lost his lot by this decree he, in April, 1849, instituted this action of covenant against McGoodwin, to recover the consideration mentioned in the deed, and such other damages as the covenant of warranty of title, contained in the deed, authorized him to do. On the trial of this action a judgment was rendered in his favor for the *22 sum of $1319 75 in damages. McGoodwin, by appeal to this Court, has brought up the judgment for revision. Several errors have been assigned, but the most important question in the case is this; can Stephenson maintain this action, when the proof shows that the mortgage to Webb .is in full force, and the debt secured by it, yet unpaid?
■A mortgagor, •even after forfeiture, is regarded in equity as •still being the owner of estate mortgaged--the land is only a security or pledge for the money. At law, however, the lights are differently regarded, and the mortgagee is regarded as having the legal estate: (2 Crabb on Real Properly, 857-8) and may maintain ejectment, unless there be some stipulation to the contrary: (Ibid 858 to 868; Coote on Mortgages, 544.) So-may the vendee of the mortgagee (3 A. K. Marsh. 621.)
The covenant in the deed from McGoodwin is the usual covenant of title, and runs with the land. It is well settled that a mortgagor, even after forfeiture, is. considered in equity as still having the ownership of the estate, the land being only a pledge or security for the mortgage money. At law, however, his rights stand on a different footing. It is said that “a court of law knows nothing about mortgagor and mortgagee.” It looks to the legal tenant, and the mortgagee has the legal estate: (2 Crabb on real property, 857, 858.) Although the mortgagor may be permitted to remain in possession of the premises, he is ordinarily but a tenant at will, and unless there be in the deed of mortgage some stipulation to the contrary, the mortgagee may maintain an action of ejectment against him as well as against a stranger, and evict him of possession: (Ibid 858, 888. Coote on mortgages, 544.) Upon the execution of the deed the mortgagee becomes seized of the legal .estate, and when the mortgage money is not paid on the day specified in the deed, the mortgage is forfeited at law, and the estate of the mortgagee is become absolute; subject nevertheless to the mortgagor’s right of redemption in equity: (2 Crabb 868, 870,898.) It has been decided by this Court that the vendee of a mortgagee could by a demise in his own name recover' in ejectment: (A. K. Mar. 621.) In view of the authorities to which we have referred, it seems to this Court, that as by the mortgage the legal title passed to the mortgagee, and'as the covenant of title runs with the land, the mortgagee, so long as the mortgage is unsatisfied, may maintain the action for a breach of that, covenant, and no other can.
A mortgagee alone can sue upon a covenant, of warranty which runs with the land — whilst the mortgage remains unsatisfied, ■ otherwise; if the mortgage be satisfied.
Harlan for appellant; M. Brown for appellee.
Whenever the money specified in the mortgage has been paid, the mortgage is fully satisfied, and even without a formal release, the title by the act of payment reverts to the mortgagor, and of course, in such case, he could maintain the action, having been thus re-invested with the legal title; but so long as the debt remains unpaid, and the mortgage is in full force, unsatisfied, he is deprived of the legal estate, and can not sue for a breach of the warranty of title. If these views are correct, as we think they are, it follows that the judgment of the Circuit Court is erroneous.
It is therefore reversed and the cause remanded to that Court, with directions to • set aside the judgment and award a new trial, and for other proceedings not inconsistent with this opinion.