Gettelmann vs. Gitz.

GETTELMANN, Respondent, vs. GITZ, imp., Appellant.

*December 17, 1890 — January 13, 1891.*

*Fraudulent conveyance to wife of debtor: Burden of proof.*

In a creditor's suit to subject to the payment of the husband's debt land which, after the debt was contracted, had been purchased in the name of the wife, but which, it is alleged, had been paid for wholly by the husband, the burden is upon the wife to show by clear and satisfactory evidence that she purchased and paid for the land out of her separate estate.

APPEAL from the Superior Court of *Milwaukee* County.

The facts are sufficiently stated in the opinion. The defendant *Susannah Gitz* appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Hopkins & Wambold,* and oral argument by *F. P. Hopkins.*

For the respondent there was a brief by *Fiebing & Killilea,* and oral argument by *O. J. Fiebing.*

| | |
|---|---|
| 78 | 439 |
| 79 | 164 |
| 78 | 439 |
| 81 | 605 |
| 78 | 439 |
| 83 | 580 |
| 78 | 439 |
| 85 | 216 |
| 85 | 538 |
| 78 | 439 |
| 87 | 461 |
| 87 | 530 |
| 78 | 439 |
| 109 | 320 |
| 78 | 439 |
| 53 LRA | 646 |
| 56 LRA | 830n |
| 78 | 439 |
| 115 | 286 |
| 60 LRA | 411 |

COLE, C. J.   This action is in the nature of a creditors' bill, to have certain deeds declared void as against the plaintiff, who is a judgment creditor of the defendant Herman Gitz.   An execution has been issued on the judgment, which has been returned unsatisfied.   It is alleged in the complaint that the judgment debtor has caused to be conveyed to his wife, *Susannah Gitz*, two pieces of real estate, for the purpose of placing them beyond the reach of his creditors.   The plaintiff was not a creditor at the time one of these properties was conveyed to the wife, but it is claimed that the evidence shows that the deed as to that property is invalid as to subsequent creditors.   The court below, however, passed no judgment as to the validity of the transfers of the real estate described as lot 20 in block 6, Miner's addition, in the Ninth ward of the city of Milwaukee, so that cause of action is out of the case, and will not be considered, as the plaintiff is satisfied with the relief which was given as to the other piece of real estate. That piece is described in the case as being part of lots 25, 26, 27, and 28, in block 4, Miner's addition, located on Lisbon avenue and Twenty-first street.   The court below found that the defendant *Susannah Gitz* nominally purchased this real estate of one Alois Schmidt, Jr., in April, 1888, for her husband and with his money; that she furnished no part of the purchase money from her separate estate, but that the entire consideration was furnished by him, and that it was agreed and understood between the defendant husband and wife that the deed should be taken in her name for the benefit of the husband, and should be held by her in order to defraud and embarrass the husband's creditors, and especially to defraud the plaintiff.   If the husband did really furnish the money to purchase this property with the understanding that the title should be conveyed to his wife to be held in trust for him, there can be no doubt but that such conveyance is fraudulent as to the

creditors, and that a trust will result in favor of such creditors to the extent which may be necessary to satisfy their just demands. Such is the clear declaration of the statute. Sec. 2078, R. S.

Now, as to the question, Who furnished the money to purchase this piece of property? There is abundant testimony that it was furnished by the husband, as the learned trial judge found. It is said that the burden was upon the plaintiff to prove by a fair preponderance of testimony that it was the husband's money and not the wife's which was paid for this property. Assuming this position to be sound, still it was essential that the wife should give some satisfactory account of how she obtained the means to make the purchase. She says that she had $800 when she came to this country, which was inherited from her father's estate, but there is no claim or pretense that any part of this money was used to purchase the Schmidt lots. But she claims to have earned, by washing and keeping boarders and in other ways, $500 which she let her husband have when he was building certain cottages for Schmidt, and that afterwards she purchased the property herself of Schmidt, and that it was arranged that this $500 should be applied towards the purchase money. But her account of the way she earned the $500 is so vague, confused, and unsatisfactory that it fails to carry conviction of its truth to any intelligent mind. The trial judge evidently did not credit her testimony, though he had the advantage of seeing the witness and her manner of giving her testimony, as we have not. But as to her testimony as presented in the bill of exceptions, we are constrained to say that we cannot attach full credit to it. The impression which the whole evidence makes upon our minds, is, that the husband furnished the money to make the purchase, and that he really paid for the property. We shall content ourselves with stating the conclusions which we have reached upon the point, without going into any discussion of the evidence.

It will be remembered that this is a contest between the creditors of the husband and wife where the wife claims to own property which there are very strong grounds for believing belongs to the husband. Under the circumstances she is bound to show, by clear and satisfactory evidence, that she purchased and paid for the property out of her separate estate. *Horton v. Dewey,* 53 Wis. 410; *Fisher v. Shelver,* 53 Wis. 498; *Wheeler & W. Mfg. Co. v. Monahan,* 63 Wis. 198; *Hooser v. Hunt,* 65 Wis. 71. It is true this was not a purchase by the wife directly from the husband, as it was in the above cases, but a similar rule as to the nature and degree of the proof as to the purchase by a wife with her own money, should apply.

Again, the plaintiff is entitled to the benefit of the rule, which is well settled, that this court will not reverse the findings of the trial court upon questions of fact unless they are clearly against the weight of evidence. The authorities establishing this rule are so familiar they need not be cited. There is surely no preponderance of testimony against the correctness of the findings of the court below in this case, but the weight of the direct evidence, as well as all the rational probabilities relating to the transaction, sustain such findings. This is the only question involved in the case,— whether the proof sustains the findings of fact,— and it follows from our view that the judgment of the superior court must be affirmed.

*By the Court.*— Judgment affirmed.