Wallace vs. Pereles.

WALLACE, Respondent, vs. PERELES, imp., Appellant.

*February 7 — February 26, 1901.*

*Husband and wife: Presumption of continuance of coverture: Conveyance by husband to wife: Covenants: Paramount title: Eviction: Judgment, when binding on covenantor: Notice.*

1. Coverture once shown is presumed to continue.

2. Prior to the enactment of ch. 86, Laws of 1895, an absolute conveyance of real property from a husband directly to his wife did not carry the legal title, unless the property was purchased by the wife out of her separate estate, and the burden of proof is upon the party alleging that it was so purchased.

3. Covenants run only with the legal title to lands and tenements.

4. Where a grantor of land has no title and no possession, and his grantee does not take immediate possession, the covenants of the grantor are personal to the grantee, and are not transmitted to subsequent grantees by a mere conveyance of the land. [Whether entry by the grantee into possession of the land immediately after delivery of the deed would be sufficient to carry the covenants, not determined.]

5. A judgment establishing a paramount right to land as against the person in possession claiming title under a warranty deed is not *prima facie* evidence of the existence of a paramount title, or of eviction thereby, as against the defendant's covenantor, who was not a party to the action and to whom no notice of it was given until after rendition of the judgment.

Wallace vs. Pereles.

. Appeal from a judgment of the circuit court for Waupaca county: Chas. M. Webb, Circuit Judge. *Reversed.*

On June 27, 1879, one Andrew Argus and wife deeded the west twenty-four feet of lot 8, block 7, of Millard & Taft's addition to the city of New London, except the north ten feet thereof, to defendant. On March 29, 1889, the defendant and his wife, by deed with full covenants of warranty, conveyed the entire west twenty-four feet of said lot 8 to Frederick Eckert. On February 10, 1891, Eckert quitclaimed said last-described tract to his wife, Minnie. Thereafter Mrs. Eckert deeded by warranty deed to Henrietta Sager, and she to the plaintiff. On June 24, 1895, plaintiff deeded to one Fred Poppe. All of said deeds included the north ten feet of the west twenty-four feet of lot 8, excepted from the deed from Argus to defendant, and to which the latter had no title and no possession. In 1896 one Hannah E. Patchin commenced an action against Fred Poppe, claiming that said north ten feet was an alley appurtenant to her property, which was being obstructed by Poppe. Judgment in her favor was entered, and Poppe was evicted therefrom. Thereafter Poppe brought suit against plaintiff on the covenants of his deed. The suit was commenced July 19, 1897, and August 30, 1897, plaintiff served upon defendant a notice in writing of the pendency of said suit, with a copy of the pleadings and a demand to defend. The defendant made no defense, and judgment was entered in favor of Poppe and against plaintiff for $490.95 damages and costs. Thereupon this action was commenced, based upon the covenants in his deed to Eckert, to recover from defendant the amount of said Poppe judgment.

A jury was waived. In addition to the facts above stated, the court found that the deed from Eckert to his wife was based upon "a valuable consideration, or other good and sufficient consideration," and that plaintiff served due and timely notice upon defendant, and tendered him the defense

Wallace vs. Pereles.

of the action of Poppe against *Wallace, Jr.*, before the time for answering had expired. Evidence was offered by defendant that 'he was never in possession of the disputed ten feet. The court refused to find on that subject, and refused to find that Frederick Eckert and Minnie Eckert were, and still are, husband and wife, and that Mrs. Eckert did not pay the consideration for the deed to her out of her separate estate. Judgment was entered for plaintiff for $554.15 damages and costs, against the defendant *J. M. Pereles*, from which this appeal is taken.

For the appellant there were briefs by *Nath. Pereles & Sons*, and oral argument by *C. F. Hunter*.

For the respondent there was a brief by *Guernsey & Lehr*, attorneys, and *Barbers & Beglinger*, of counsel, and oral argument by *J. E. Lehr* and *Fred. Beglinger*. They contended, *inter alia*, that Mrs. Eckert had the entire beneficial interest in the land, under the deed from her husband, leaving the husband nothing but the shadow of the legal title. This title of Mrs. Eckert was good against everyone except her husband's creditors and she could in equity have compelled him to convey to her the legal title. No creditors of Frederick Eckert had ever questioned this title, and Mrs. Eckert had transmitted her interest and the land itself by warranty deed to others, until Poppe finally derived title and went into possession of the whole land relying on Mrs. Eckert's title and the record of the warranty contained in defendant's deed. This for all purposes of the case made Mrs. Eckert and her successors in the title the real, substantial owners of the land. *Putnam v. Bicknell*, 18 Wis. 333, 336; *Hannan v. Oxley*, 23 Wis. 519, 523; 1 Jones, Real Prop. §§ 45, 46. The covenant in defendant's deed inured to the owner of the real, substantial title to the land. Mr. Eckert having parted with his interest in the land, cannot sue on this covenant, but the real owner can, because such actions must be brought in the name of the real party in interest.

To require first a suit in equity to compel the transfer of the legal title and then a suit on the covenant, would be a sacrifice of substance to mere empty form not required by modern procedure. *Martin v. Scofield*, 41 Wis. 167; *Price v. Osborn*, 34 Wis. 34. See, also, *Mygatt v. Coe*, 142 N. Y. 89, and cases cited; *Thornton v. Court*, 3 De Gex, M. & G. 293; *White v. Whitney*, 3 Met. 87; *Town v. Needham*, 3 Paige, 546; *Andrews v. Wolcott*, 16 Barb. 25. The reason of the old rule that covenants only run with the legal title evidently was to protect the covenantor against a multiplicity of suits brought by persons having no title to the land which would give them a real, substantial interest or which might prevail against the owner of the legal title. But where the person suing on the covenant is shown to have been the real owner of the land as in this case, the reason and spirit of the old rule is manifestly satisfied. And this is not inconsistent with anything decided in *Wright v. Sperry*, 21 Wis. 336. See Rawle, Covenants (4th ed.), 345, and cases cited; *Harper v. Perry*, 28 Iowa, 58.

BARDEEN, J. Questions of law only are involved on this appeal. They group themselves under the following heads: (1) The conveyance from Eckert to his wife passed only an equitable title. Covenants real run only with the legal title, and cannot be enforced by her grantees against defendant. (2) Neither title nor possession being shown in defendant at the time of his conveyance, the covenants in his deed were personal to his grantee, and did not pass by a mere conveyance of the land. (3) No eviction under paramount title having been shown, the recovery, if any, must be limited to nominal damages.

1. The evidence is undisputed that at the date of the deed from Frederick Eckert to Minnie Eckert the parties were husband and wife. Coverture once shown is presumed to continue. Jones, Ev. § 54. Under the evidence the court

should have found that they were, and still are, man and wife. Prior to the passage of ch. 86, Laws of 1895, an absolute conveyance of real property from the husband directly to his wife did not carry the legal title, unless the property was purchased by the wife out of her separate estate. *Putnam v. Bicknell*, 18 Wis. 333; *Kinney v. Dexter*, 81 Wis. 80. Where, however, the transaction related to her separate estate, the marriage relation was disregarded, except where the question of fraud arose, and then it was considered and more closely scrutinized on account of the great inducements and facilities afforded for the commission of fraud. *Beard v. Dedolph*, 29 Wis. 136. See *Fenelon v. Hogoboom*, 31 Wis. 172. In *Kinney v. Dexter, supra,* the action was ejectment. The plaintiff claimed title by successive deeds after a deed from one Brown to his wife. The latter deed was a mere gift, and the court held that it gave the wife only an equitable title to the land, which would not support ejectment. In contests which have arisen involving transactions between husband and wife, a rule of great strictness has been adopted by this court as to the burden of proof. Where the rights of creditors are involved, before the wife can recover she must show by clear and satisfactory evidence that her purchase from her husband was made in good faith and for a valuable consideration paid out of her separate estate, or by a third person for her; and the same rule applies to one who took from the wife with notice. In such case a mere recital of a valuable consideration in the conveyance from husband to wife will not support a recovery in her favor. *Horton v. Dewey*, 53 Wis. 410; *Gettelmann v. Gitz*, 78 Wis. 439; *Rozek v. Redzinski*, 87 Wis. 525. In *Carpenter v. Tatro*, 36 Wis. 297, the suit was by the wife against her divorced husband upon a claim assigned to her by her second husband. She testified that she paid $5 therefor, but did not show she had any separate estate. A

Wallace vs. Pereles.

judgment in her favor was reversed, and the court said: "If the plaintiff had no separate estate, the assignment and transfer of the debt by the husband to her does not vest the legal title in her. She could not receive it as a gift from him, as she might from any person other than her husband, and enforce its collection by action upon it. And until it appeared that she had a separate estate, with which she purchased the claim, the evidence of the assignment should have been excluded."

If Mrs. Eckert had been evicted, and had brought an action against defendant upon the covenants in the deed, she could not have prevailed in such action, under the authorities cited, without showing that she purchased the property out of her separate estate. In what better position are her grantees? She obtained but an equitable title to the land. That title passed to her grantees, and no one is here questioning it. Her grantees, however, are seeking to give it the force and effect of a legal title, and insist that it can only be questioned by creditors of the husband, or others wronged by the conveyance. But that is not the real question at issue. No one is seeking to impeach the actual title conveyed. The real question is whether a right of action in plaintiff can be traced through a chain of conveyances, one of which conveys only an equitable estate. Under the facts and law as stated, the legal title stopped in Mr. Eckert. In *Wright v. Sperry*, 21 Wis. 331, 334, this court said: "It is a general principle that covenants run only with the legal title to lands and tenements. *Beardsley v. Knight*, 4 Vt. 471; *Randolph's Adm'x v. Kinney*, 3 Rand. (Va.), 396; *Watson v. Blaine*, 12 Serg. & R. 131; *Allen v. Wooley*, 1 Blackf. 149; 1 Smith, Lead. Cas. 121." This case was decided at a time when a mortgage in this state carried the fee, and it was held that, as the assignment of the several mortgages was informal, the legal title to the land did not pass to the assignee so that he could have the benefit of the covenants of

Wallace vs. Pereles.

warranty. The rule is somewhat ancient and technical, but it passed into the jurisprudence of this state at an early day and has stood unchallenged ever since. The weight of authority against it is not so great that we feel impelled to depart therefrom. See *McGoodwin v. Stephenson*, 11 B. Mon. 21; *Mayor, etc., of Carlisle v. Blamire*, 8 East, 487.

2. Under this head it is urged that, no title or possession having been shown in the defendant or his grantee, there was no such privity of estate as would carry the covenants to subsequent purchasers. Although the court refused so to find, the evidence is undisputed that defendant was never in possession of the north ten feet of the west twenty-four feet of lot 8. His deed from Argus expressly excepted this tract, but it was included in defendant's deed to Eckert. There is no proof that Eckert ever took actual possession of the disputed tract, or that any subsequent grantee ever did until the land came to Poppe. In absence of proof, the presumption is that possession follows ownership. *Mygatt v. Coe*, 147 N. Y. 456. The rule is universal that, in order to carry the covenants in a deed to subsequent grantees, there must be actual or constructive seisin. In absence of both right and possession, all the elements which constitute an estate are necessarily wanting, and the covenants contained in the grant must remain in the grantee, from the absence of everything which can carry them farther. 1 Smith, Lead. Cas. (8th ed.), 205, and cases cited.

In New York the rule is thus stated: "Privity of estate is essential to carry covenants of warranty and quiet enjoyment to subsequent grantees in order to support a right of action by them against the original covenantor when there has been an eviction by paramount title." *Mygatt v. Coe*, 147 N. Y. 456; *S. C.* 152 N. Y. 457. In a note to *Spencer's Case*, 1 Smith, Lead. Cas. (9th Am. ed.), 224, is is said: "If any estate passes from the grantor to the grantee in a conveyance, it is enough to carry covenants. But if the title of

the grantor wholly fails, so that no title to the land passes
to the grantee, with which the covenants can run, the grantee
can take no advantage of them." The following cases are
cited to support the text: *Slater v. Rawson,* 1 Met. 450, 6
Met. 439; *Beardsley v. Knight,* 4 Vt. 471; *Devore v. Sunder-
land,* 17 Ohio, 52; *Martin v. Gordon,* 24 Ga. 533; *Burtners
v. Keran,* 24 Grat. 42; *Allen v. Greene,* 19 Ala. 34. The gen-
eral rule is that the covenant of a stranger to the title is
personal to the covenantee, and is incapable of transmission
by a mere conveyance of the land. *Mygatt v. Coe,* 152 N. Y.
457–466.

In *Nichol v. Alexander,* 28 Wis. 118, this court held that if
a grantor, by full-covenant deed of warranty, assumes to
convey unoccupied lands to which he has no title, there is
at once a constructive eviction of the grantee, which en-
titles him to the same remedies that he would be entitled to
had he been turned out of the actual possession of the land
by legal process. The rule has been reasserted and approved
in subsequent cases. *McInnis v. Lyman,* 62 Wis. 191; *McLen-
nan v. Prentice,* 77 Wis. 124. We do not see how the rule
would be different if the grantor conveyed lands to which
he had no title, if they were in the possession of the actual
owner. A cause of action arises as soon as the deed was
delivered, and was not assigned or transmitted to subsequent
grantees by a mere conveyance of the land. We therefore
hold that where the record shows that the grantor had no
title and no possession, and there is no proof that the grantee
took possession, the covenants of the grantor are personal
to the grantee, and are not transmitted to subsequent
grantees by a mere conveyance of the land. Whether, if
the defendant's grantee entered into the immediate posses-
sion of the land after delivery of the deed, that fact would
be sufficient to carry the covenants, is a matter of some
doubt. There are respectable authorities upon both sides of
the question, but, it not being fairly in this case, we leave it
for future consideration.

3. The proof regarding eviction by paramount title is as follows: Mrs. Patchin commenced an action against Poppe, claiming a paramount right to the disputed tract. No notice of this suit was given defendant until long after judgment had been rendered. Poppe then brought suit against plaintiff on the covenants of his deed. Notice of this suit, with a demand to defend, was served upon defendant forty-two days after its commencement, which the court finds was "before the time for answering had expired." This finding is excepted to, and there is no evidence in the record to support it, except the inference arising from the fact that plaintiff's answer in that action was verified after the date of the service of notice upon defendant. This evidence is of doubtful value in respect to the question whether the notice was timely or not. But this is not a matter of importance in this case. It is conceded that defendant had no notice of the Patchin judgment until after its rendition. Certainly he was not bound by it. If otherwise entitled to recover, notice to defendant of the former action was not necessary to plaintiff's right to recover in this action. Rawle, Covenants, § 124. Where, however, it is sought to bind a covenantor by notice, as said in *Somers v. Schmidt*, 24 Wis. 417, it must be from the covenantee, in time to answer and defend, and perhaps accompanied by a request to defend. See *Eaton v. Lyman*, 26 Wis. 61; *S. C.* 33 Wis. 34; *Saveland v. Green*, 36 Wis. 612. The complaint in *Poppe v. Wallace, Jr.* alleged that the latter had due notice of the Patchin suit and was tendered its defense, and such allegation is found to be true in the findings. Hence, if defendant had appeared in that suit, he would have been met by proof of a judgment of paramount title, final and conclusive against the plaintiff. Of this judgment defendant had no notice, and he was not bound by it. In this case the only evidence of paramount title and eviction was the two judgment rolls in the cases before mentioned. As bearing upon the probative force of

the Patchin judgment as against defendant, we quote the following from 2 Devlin, Deeds, § 937: "There has been some discussion, resulting in a variance of opinion, as to what effect a judgment possesses when the covenantor has not been notified of the suit and was not requested to defend. Of course, such a judgment cannot bind the covenantor. It has been asserted that, although the defendant might inquire into the merits of the judgment, yet it was *prima facie* evidence of the existence of a paramount title. But the more reasonable rule, and the one sustained by authority, is that the judgment, when no notice has been given and the covenantor is not a party to the suit, is not even *prima facie* evidence that the eviction was founded upon an adverse and paramount title." The number of cases cited to sustain the author's conclusion would seem to indicate that it was very well grounded. At most the judgment in the Poppe case would only be binding upon defendant as to the amount of the recovery, and of that there may be some doubt.

Adopting the rule that the Patchin judgment was not *prima facie* evidence against the defendant of the existence of a paramount title, or of eviction thereby, we find nothing in the record to support the judgment. The rule is well stated in Rawle, Covenants (4th ed.), 150, thus: "And in all cases it must be borne in mind that, if the purchaser choose to retire before the paramount title, it is at his own risk; and in the suit against his covenantor he must assume the burden of proof, and make out the adverse title to which he has yielded with as much particularity as if he were suing in ejectment, unless, of course, the adverse right of possession has been established by a judgment or decree in a suit of which the covenantor has been properly notified, in which case the burden of proof will not only be removed, but the judgment or decree will be conclusive evidence of the validity of the paramount title."

So, upon all the grounds mentioned, the right of plaintiff to recover is defeated. It is but proper to say that the second and third questions herein considered do not appear to have been urged before the trial court.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment for defendant.

On April 30, 1901, the mandate was modified so as to read as follows: The judgment is reversed, and cause is remanded with direction to enter judgment for defendant, unless the trial court, upon notice and application, in its discretion and upon such terms as may be just, grants a new trial of the action.