Davelaar vs. Blue Mound Investment Co.

DAVELAAR, Assignee, Respondent, vs. BLUE MOUND INVESTMENT COMPANY, imp., Appellant.

*April 30 — May 21, 1901.*

*Execution: Seal: Amendment nunc pro tunc: Return: Presumptions: Practice: Corporations: Insolvency: Sequestration proceedings: Receivers: Appointment without notice.*

1. Under sec. 2830, Stats. 1898 (providing that the court may, at any stage of the action, in furtherance of justice and upon such terms as may be just, amend any process, etc.), where an execution was issued out of the superior court of Milwaukee county, but by mistake the seal of the circuit court for that county was affixed, it is not error to permit the amendment thereof by affixing the proper seal. *Corwith v. State Bank,* 18 Wis. 560, followed.

2. In such case it is not error to allow such amendment on the hearing of a motion by the execution debtor to vacate proceedings under the writ, where the objections to the proceedings attacked covered other grounds than the defect in the execution, and the irregularity was not mentioned in the moving papers. *Bonesteel v. Orvis,* 23 Wis. 506, distinguished.

3. Where on a judgment against a corporation and another the execution had been returned unsatisfied as to the corporation, and the judgment creditor, acting under sec. 3216, Stats. 1898, procured the appointment of a receiver for the corporation, the creditor is strictly within his legal rights, although it does not appear that he has exhausted his remedies against the other judgment debtor.

4. The fact that an execution against a corporation was returned the same day it was issued, and sequestration proceedings were immediately commenced against the corporation, does not warrant the presumption that the execution was returned by direction of plaintiff's attorneys.

5. Where an execution against a corporation has been returned unsatisfied, a sequestration action against the corporation may be commenced at once, even though the sixty days within which an execution is returnable under sec. 2970, Stats. 1898, have not expired, there being no statute requiring the officer to keep the writ the full sixty days.

6. In proceedings by a judgment creditor of a corporation to wind up its affairs, etc., the petition stated the facts relating to the rendition of the judgment and the issue and return of execution unsat-

Davelaar vs. Blue Mound Investment Co.

isfied; that the judgment was unpaid; that the corporation was indebted to various persons and was insolvent and had equitable interests which could not be reached by execution, but failed to state any facts to show that an emergency existed requiring the appointment of a receiver without notice to the corporation. *Held,* that the plaintiff was not entitled to the relief sought except upon notice, and that the order appointing a receiver without such notice was improvidently made and should have been set aside.

7. In such case, on appeal, it is not enough that the facts stated showed the plaintiff would have been entitled to such appointment on notice, and that, after a review of the situation, the trial court decided to allow the appointment to stand.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed in part; reversed in part.*

On May 19, 1900, the plaintiff obtained and docketed a judgment in the superior court of Milwaukee county against the defendants Fred. W. Schneck and the *Blue Mound Investment Company* for $6,102.55. On May 21, 1900, an execution against them was duly issued and placed in the hands of the sheriff of Milwaukee county, which was the domicile of the defendants. This execution was sealed with the seal of the circuit court instead of the superior court. On the same day the sheriff collected thereon the sum of $1,319.48, and returned it unsatisfied as to the sum of $4,787.14. In his return the sheriff certified that, after diligent search and inquiry, he was not able to find any other property, real or personal, within his county, belonging to the defendant *Blue Mound Investment Company.* On the same day the plaintiff made his verified petition to the superior court, setting out the facts relating to the rendition of judgment and the issue and return of the execution, and the fact that the judgment was yet unpaid in part. It then stated that the defendant *Blue Mound Investment Company* was indebted to various persons and was insolvent; that it had equitable interests and choses in action of the value of more than

$3,000, which could not be reached on execution, held by other persons in trust, the exact nature and character of which the plaintiff was unable to discover; that other creditors might begin action, and thus obtain a preference. In his own behalf, and in behalf of all creditors who might come in and exhibit their claims, the plaintiff asked that the said defendant be declared insolvent; that its property be sequestered; that a receiver be appointed, and all creditors be restrained from proceeding against the corporation. On May 21, 1900, this petition was presented to the superior court, and without notice to the defendant an order was entered declaring the corporation to be insolvent, and appointing one Hugo Kraenzlein receiver of all its property; and upon the filing of a proper bond he was authorized and directed to take possession of all of its property, books, papers, and assets. Other creditors were enjoined from proceeding against the corporation, and directed to file their claims within six months. On June 1, 1900, the corporation obtained an order to show cause why the order appointing the receiver should not be vacated, based upon the records in the case and the affidavit of its president. This affidavit alleged collusion between the plaintiff and the defendant Schneck in securing the order, and other facts not essential to this litigation, and claimed that the receiver was not a fit person and would not act impartially in the matter. Counter affidavits were filed, and on June 20th an order denying relief to the defendant was made. At the time of the hearing the plaintiff moved the court for leave to correct the error in the execution by directing the clerk to affix thereto the seal of the superior court in place of the circuit court. The order mentioned permitted this to be done with like effect as if originally affixed thereto. The defendant corporation appeals from said order.

For the appellant there was a brief by *E. L. Wood* and *O. W. Bow,* and oral argument by *Mr. Wood.*

For the respondent the cause was submitted on the brief of *Emil Lenicheck*, attorney, and *W. H. Austin*, of counsel.

BARDEEN, J. The points made by the appellant for the reversal of the order appealed from are as follows: (1) The court ought not to have permitted the plaintiff to amend the execution by affixing the proper seal; (2) no return of said execution has been made, showing that plaintiff had exhausted his remedies at law, and the receivership proceedings were premature; (3) the appointment of the receiver was without notice to the defendant, and no ground is stated in the petition justifying an *ex parte* appointment.

1. The first point made by defendant is fully covered by *Corwith v. State Bank*, 18 Wis. 560. There the clerk neglected to affix the seal of the court to the writs of *fieri facias*. The seals were affixed by order of the court after sale was made, and this was held proper, and fully warranted by the statute then in existence, corresponding to sec. 2830, Stats. 1898. The notes to that section show many cases where the power of the court has been exercised to promote the ends of justice, and unless the rights of third parties have intervened, or the circumstances show some peculiar hardship, the courts seldom deny relief in cases coming within its provisions. The fact that in this case the order allowing the correction to be made was not made until after defendant's motion was served is of no consequence, since the objections to the order attacked covered other grounds than the defect in the execution. Moreover, the ground of the irregularity was not mentioned in the moving papers, as in *Bonesteel v. Orvis*, 23 Wis. 506. In that case the correction of the execution was made by the party, and not by order of the court. We see no ground for criticising the action of the court in permitting the execution to be corrected. There might be cases where, if the amendment were allowed after a motion to set aside had been made, the court should only permit it

upon terms. In this case the plaintiff's motion to amend was granted, and the defendants' motion to vacate was denied, and no costs were given either party, so the question of terms is not here.

2. Under this head the defendant argues that plaintiff's judgment is against both the corporation and Schneck. The return on the execution does not show that the latter has no property, and hence it cannot be said that his remedy on the judgment has been fully exhausted. The proposition that the creditor must exhaust his legal remedies before he can institute proceedings to sequester the property of a corporation and secure the appointment of a receiver is admitted. *Hinckley v. Pfister*, 83 Wis. 64. But, as between the judgment debtors and the plaintiff, each is bound to pay the whole debt; and it is no ground for complaint that the creditor may see fit to collect the debt out of the property of one, and not out of that of the other. *Hyde v. Rogers*, 59 Wis. 154. As against the corporation, the plaintiff has met and complied with all the demands of the statute. It (sec. 3216) provides that when a judgment has been obtained against a corporation, and an execution issued thereon has been returned unsatisfied, then the judgment creditor may proceed to sequestrate the stock, property, and effects of such corporation, and the court may appoint a receiver of the same. The petition in this case shows those facts, and it is no answer for the corporation to say the plaintiff may possibly collect his judgment from the property of some other person liable thereon. He is strictly within his legal rights when he seeks collection from the defendant by sequestration of its effects, when the calls of the statute have been met.

The execution was issued on May 21, 1900, returned the same day, and the petition in this proceeding was filed. Appellant's counsel argue that the court should assume that the execution was returned by direction of the plaintiff's attor-

neys, and thus bring the case within the condemnation of the cases holding this to be fatal to the proceeding. *In re Remington*, 7 Wis. 643; *Spencer v. Cuyler*, 9 Abb. Pr. 382. Without some proof on the subject, we cannot assume that any direction was given to return the execution. The circumstances may justify a suspicion of the fact, but deliberate proceedings in court cannot be overturned upon mere suspicion. Our statute (sec. 2970) provides that every execution shall be made returnable within sixty days after its receipt by the officer. It is universal practice for the officer to exercise his pleasure in making the return. He may keep it the entire sixty days, or he may be possessed of such knowledge of the defendant's circumstances as will warrant him in returning it forthwith as unsatisfied. No statute of which we are aware requires the officer to keep the execution the full sixty days. If he feels confident that the defendant has no property subject to execution, he may return it unsatisfied before the return day. This is the rule in New York under a similar statute, and is in harmony with the practice well known to the profession in this state. See 3 Freeman, Executions, § 353, and cases cited on page 2019; *Whitehead v. Hellen*, 74 N. C. 679; *Findley v. Smith*, 42 W. Va. 299; *Tomlinson & W. Mfg. Co. v. Shatto*, 34 Fed. Rep. 380; *Guerney v. Moore*, 131 Mo. 650. This rule is probably, as said by Mr. Freeman, in opposition to the majority of authorities elsewhere; but our statutes come from New York, and, as is well known, the authorities in that state are most frequently consulted when no adjudications regarding our statutes are found in this state. In *Ford v. Plankinton Bank*, 87 Wis. 363, the execution was returned unsatisfied shortly after its issue, and the suit to sequester the property of the corporation involved was begun long before the return day of the execution. The question here involved did not arise in that case, and it is only cited to show the understanding among the profession that it is not necessary to wait until after the return day of the execution before commencing further pro-

ceedings. Such understanding, of course, is not binding upon this court, and is significant only as showing that the bar has followed the New York rule. See, also, *Clark v. Bergenthal*, 52 Wis. 103; *Pierstoff v. Jorges*, 86 Wis. 128. If the execution may be returned before the return day,— and we think it can, if made in good faith,— then, under sec. 3216, the action of sequestration may be commenced at once. To compel the creditor to wait might defeat the very purpose of the proceeding. While this conclusion may be opposed to the authorities cited in High, Rec. § 404, there are many respectable authorities to support it, as are there noted.

3. The third ground of complaint is that the receiver was appointed without notice to the corporation, and no grounds are stated in the petition to justify such procedure without notice. The statute does not require notice. It permits procedure by petition or action. Whichever plan is adopted, the proceeding is in equity, and is governed by the rules and principles applicable to that branch of jurisprudence. High, Receivers, § 111, states the rule regarding notice as follows:

" Courts of equity are exceedingly averse to the exercise of their extraordinary jurisdiction by the appointment of receivers upon *ex parte* applications, and this practice is never tolerated except in cases of the gravest emergency, demanding the interference of the court to prevent irreparable injury. . . . Even in exceptional cases of great emergency, when the relief is demanded for the prevention of irremediable injury, the courts are extremely averse to interference *ex parte*, and will ordinarily entertain the application only after notice to defendant, or after a rule to show cause."

At § 112 he further states that the rule of requiring notice would seem to be not a matter of discretion, but an inflexible one, which the courts are not at liberty to disregard. At § 113 he says:

" To warrant a court in entertaining an application for a receiver without notice, it must be clearly shown that the delay which would result from giving notice would defeat

the rights of plaintiff, or would result in great injury to him. And when the relief is sought upon an *ex parte* application, upon the ground of extreme necessity, the particular facts and circumstances rendering summary proceeding necessary should be set forth in the application, and a mere statement of opinion as to such necessity, even though made under oath, will not justify a departure from the established rule requiring notice of the appointment." See § 115.

This rule is so well supported by authorities, and is so much in harmony with correct principles, that an extended discussion is not necessary. The proceeding is drastic. It takes away from the corporation all control of its property, and puts it in the hands of a stranger. Its right to do business ceases, and thereafter its affairs are to be administered and closed up under the direction of the court. Cases can well be imagined where great interests might be sacrificed by a proceeding without notice. Unless the emergency is so great and the loss to the applicant so imminent as to warrant procedure without notice, within the rule before stated, the court ought always to require notice to be given. No emergency existed in this case, and no reason is stated why notice should not have been given. It is not enough to say that the facts stated show that plaintiff would be entitled to such appointment upon notice, and that after a review of the situation the trial court has decided to allow the appointment to stand. Upon the petition presented, the plaintiff was not entitled to the relief sought except upon notice. That he failed to give, and the order appointing a receiver was improvidently made and should have been set aside.

*By the Court.*— So much of the order appealed from as grants leave to correct the error in attaching the seal of the circuit court for Milwaukee county to the execution is affirmed. That part of the order which denies defendant's application to vacate the order of the superior court of Milwaukee county dated May 28, 1900, is reversed, and the cause is remanded with directions to vacate such order and for further proceedings according to law.