OPPENHEIMER and others, Respondents, vs. COLLINS and another, Appellants.

*September 6—September 23, 1902.*

*Husband and wife: Fraudulent conveyance: Consideration: Equity: Exhaustion of legal remedies: Judgment: Parties personally liable: Realty and personalty: Order of application.*

1. The withdrawal by the wife of her action for a divorce, or her consent to continue the marital relation, is not such a consideration as will give validity, as against the husband's creditors, to a transfer of his property to her.
2. Return upon execution that no property of the debtor can be found establishes *prima facie* the exhaustion of legal remedies, and its effect is not overcome by showing that he has an interest in some real estate, without proof as to its value.
3. In a proceeding by judgment creditors to subject to their claims the debtor's interest in his father's estate, which he had trans-

ferred to his wife, it was error to render a personal judgment against the wife and the administrator of said estate for the amount of the claims, for which they had never become in any way personally liable.

4. In such proceeding the debtor's interest in real estate should first be subjected to the plaintiffs' claims, to the exoneration of the personalty in the administrator's hands, claimed by others; but error in adjudging that the personalty be first applied is immaterial, where both personalty and realty together are insufficient.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Modified and affirmed.*

In 1894 and 1895 judgments were recovered and docketed in Douglas county, Wisconsin, against John Collins, Jr., which judgments, at the time of the commencement of this action, were unsatisfied, and were the property of the plaintiffs. Thereafter, at a date not proved, but prior to September, 1900, the father of John Collins, Jr., died intestate in Douglas county, leaving an estate of about $4,800, partly real and partly personal; but the amounts of the respective classes of property are left wholly without evidence. One *George B. Hudnall* was appointed administrator of the senior Collins's estate. In December, 1900, an action for divorce was pending between the wife of said John Collins, Jr., and himself, and at that time a settlement was made, whereby, in consideration of the dismissal of that action, he assigned, by written instrument, to his wife, all of the interest in his father's estate, real and personal. At that time an order of partial distribution had been made, assigning to John Collins, Jr., about $186, which was thereupon paid to the wife, *Esther Collins,* appellant, by the administrator. After renewal of cohabitation for a few months, Collins's habits of intoxication continuing, a new action of divorce was commenced by *Esther,* and a decree of divorce entered, with no provision whatever for alimony, she simply retaining, as she

supposed, her rights under the assignment of his interest in said estate.

On February 15, 1901, executions upon the several judgments owned by plaintiffs were issued, and returned unsatisfied, and on May 13, 1901, they commenced this action against John Collins, Jr., said *Hudnall,* as administrator, and *Esther W. Collins,* seeking to apply to the satisfaction of said judgments the interest of John Collins, Jr., in his father's estate, alleging nonexistence of any other property to satisfy the same. The judgments then amounted to about $680.

The court found the facts substantially as above stated, held that the pretended transfer to *Esther W. Collins* while still the wife of John Collins, Jr., was without consideration, and void as against his creditors, and thereupon entered judgment: First, declaring void such assignment as to the residue remaining in the hands of the administrator; second, adjudging personal recovery of $681.51 damages and the costs of the action of and from the defendants, making the same a lien upon the interest of John Collins, Jr., in his father's estate; requiring *Hudnall,* as administrator, to pay to plaintiffs' attorneys all sums thereafter payable to John Collins, Jr.; and authorizing the plaintiffs, in the event that such payments from the administrator were insufficient to satisfy the judgments, to sell the interest of John Collins, Jr., as heir, in the real property of which his father died seised. John Collins's share of the estate was one seventh of the personalty and one sixth of the realty, subject to his mother's dower. The real estate was all situated in Douglas county, and no attempt had been made to enforce the judgments by execution against the same. From this judgment. *Esther W. Collins* and *George B. Hudnall,* administrator, bring this appeal.

The cause was submitted for the appellants on the brief of *H. V. Gard,* and for the respondents on that of *Phil. H. Perkins.*

Dodge, J.   The first question naturally arising on this appeal is as to the efficacy, as against creditors, of the attempted conveyance by John Collins, Jr., to his wife, of his interest in his father's estate.   The decisions of this court are substantially without conflict that a conveyance from husband to wife, in order to be of any validity against his creditors, must not only have been made in entire good faith, and without intent to hinder, delay, or defraud them, but also must be upon a valuable consideration, paid out of her separate estate, or by a third person for her.   To this end, of course, existence of separate estate is essential.   *Horton v. Dewey,* 53 Wis. 410, 10 N. W. 599; *Gettelmann v. Gitz,* 78 Wis. 439, 442, 47 N. W. 660; *Rozek v. Redzinski,* 87 Wis. 525, 530, 58 N. W. 262; *Wallace v. Pereles,* 109 Wis. 316, 320, 85 N. W. 371.   The necessity of this condition has even been extended to the technical validity of transfers where no rights of creditors were involved.   *Baum v. Baum,* 109 Wis. 47, 85 N. W. 122.   In the present case the absence of separate estate and the actual consideration for the transfer are left in no doubt, for that consideration consisted solely and exclusively in the withdrawal of *Mrs. Collins's* action for divorce, or substantially in her consent to continue the already existing marital relation between herself and husband.   For reasons so obvious as hardly to require mention, this cannot be accepted as an equivalent for a valuable pecuniary consideration moving from the wife's separate estate.   The first of these reasons is that neither the law nor public policy can favor or approve bargaining between husband and wife as to continuance or severance of the marital status, in the existence of which the public, as a third party, is interested, as well as the two spouses.   *Baum v. Baum, supra.*   Another most cogent reason is the utter inability to protect the rights of creditors in the property of a husband if such contracts can be deemed a valid consideration.   Apparently the present case presents as nearly a meritorious situation for pecuniary arrangement

between husband and wife as any likely to arise; but, if the principle be established that merely continuing the marital relation is a sufficient consideration to support conveyance from husband to wife against creditors, there will be no difficulty in supporting such conveyances even in most flagrant cases. It would but be necessary to establish any reasonable degree of exasperating circumstances or of conjugal infelicity to enable an insolvent husband to place his property within the shelter of his wife's name, because, forsooth, she condones his alleged misconduct; which, for the purpose of effectuating a fraudulent scheme, he may well be willing to admit. Of course, the reasons here suggested fail in the case of actual divorce by decree of court and pecuniary arrangements between thus separated parties, and to that situation very different principles may be applicable. Here we can have no doubt that the court was right in holding that the attempted transfer from John Collins, Jr., to his wife was without any sufficient consideration such as the law requires to give it validity as against his creditors, the plaintiffs.

Having reached the conclusion that the attempted transfer by John Collins, Jr., was and is void as against plaintiffs, the right of the latter to reach such assets and apply them to their judgments follows of course. But here appellants insist that a court of equity will not entertain a creditors' bill when there is a legal remedy plain and adequate, and point out the conceded fact that part of the senior Collins's estate was realty in Douglas county, on which the lien of plaintiffs' judgments fastened before the attempted transfer to *Esther*, and in which the interest of John Collins, Jr., could at any time have been sold on execution. Neither the general rule of law contended for nor the alleged fact can be disputed. If the interest of John Collins, Jr., in the realty can be sold on execution for enough to satisfy the judgments, plaintiffs have no need of equitable relief, and should not be permitted to trouble the court. *Williams v. Sexton,* 19 Wis. 42; *Level*

*Land Co. v. Sivyer,* 112 Wis. 442, 453, 88 N. W. 317. It is, however, settled by the decisions of this court that return upon execution that no property can be found establishes, *prima facie* at least, the exhaustion of legal remedies. *Zweig v. Horicon I. & M. Co.* 17 Wis. 362; *Hopkins v. Joyce,* 78 Wis. 443, 47 N. W. 722; *Daskam v. Neff,* 79 Wis. 161, 47 N. W. 1132; *Davelaar v. Blue Mound I. Co.* 110 Wis. 470, 86 N. W. 185. If such fact is not conclusive, it surely cannot be said that its *prima facie* effect has been overcome in this case by other evidence. True, there appears — indeed, plaintiffs allege — the descent and ownership of a fractional interest in some real estate, but defendants have offered no proof as to its situation, character, or value. It may not have value to satisfy the costs of a sale. The burden of proving such facts was upon appellants, who by no means have lifted it. In the light of the *prima facie* case made by the *nulla bona* returns to the executions, it was not error for the court to maintain the complaint and proceed to apply the disclosed property to the unpaid judgments.

When, however, we come to consider the judgment finally entered, we find it far from correct. First we find a personal judgment against all the defendants, including these appellants, for the entire amount of plaintiffs' former judgments. This is inexplicable. There is no evidence, nor any finding of fact or conclusion of law, that either *Hudnall* or *Esther W. Collins* ever became in any way personally liable for these debts. In this respect the judgment is clearly erroneous, to the prejudice of each of the appellants. In addition to this, the judgment directs application of the realty and personalty in an order reverse of the proper one, viz., that the personalty in the hands of the administrator be first applied, and afterwards the realty be sold on execution. Obviously, the legal rights should be first exhausted against the real estate, to the exoneration of the personalty claimed by others. In this respect we are, however, unable to discover any prejudice to

the appellants; for, apart from the possibility under the proofs already suggested that the realty may be but *de minimis,* it affirmatively appears that both together will fall short of satisfying plaintiffs' claims, and both must be fully exhausted. The entire estate of John Collins, Sr., was but $4,800, of which John, Jr.'s, share was not more than one seventh, or $685, of which $185 had already been drawn, leaving but possible $500 to satisfy some $680 of plaintiffs' judgments and some $100 of costs in this action. Not being prejudicial, we cannot reverse that part of the judgment.

*By the Court.*—The judgment of the circuit is modified by striking out therefrom the portion awarding personal recovery against the appellants, *George B. Hudnall* and *Esther W. Collins,* of the sum of $681.51, and, as so modified, is affirmed. Appellants will recover costs of this appeal.