KISTLER, Respondent, vs. KISTLER, Appellant.

*January 12—February 1, 1910.*

*Divorce: Judgment: Division of property: Remarriage of parties: Second action: Agreement in aid of divorce: Satisfaction of prior judgment.*

1. A judgment in a divorce action awarding a certain sum as and for "permanent alimony and division of property" must be construed as making a final division of the property, not open to change after the term at which it was rendered.
2. Such a judgment becomes the separate property of the wife and is not affected by remarriage of the parties to each other.
3. A stipulation between the parties to a divorce action, reciting their agreement to separate and providing that the wife should prosecute the action and should accept a certain sum as alimony and should not demand any further sum, was void as being an agreement in aid of divorce.
4. Payment of the sum mentioned in accordance with such void stipulation did not operate to satisfy the judgment in a prior divorce action between the same parties, in which the wife was awarded a certain sum as a final division of property.

   MARSHALL, J., dissents.

APPEAL from an order of the circuit court for Grant county: GEORGE CLEMENTSON; Circuit Judge. *Affirmed.*

The defendant petitioned for an order satisfying a judgment obtained against him by the plaintiff, and appeals from an order denying his petition.

The facts were that the parties were husband and wife, and that on August 30, 1898, the plaintiff obtained judgment of divorce against the defendant, wherein it was adjudged that

the defendant pay to the plaintiff $1,000 "as and for her permanent alimony and division of property;" that the parties remarried September 28, 1898, and lived together for some months; that the plaintiff commenced another divorce action early in the year 1901; and that the parties entered into a stipulation at or just prior to the commencement of this second action reciting their agreement to separate, and proceeding as follows:

"And said *Josephine M. Kistler* having agreed and by these presents agreeing to prosecute the suit for divorce which has been commenced, and agrees to accept the sum of three hundred dollars as alimony, and further agrees to not ask for or demand any further sum or sums whatever.` One hundred and fifty dollars to be paid down at the ensealing of these presents and the other one hundred and fifty dollars on or before February 22, 1901."

This $300 was paid and another judgment of divorce was taken by default June 11, 1901, without any provision as to alimony.    The original judgment of $1,000 in the first action was never in fact paid, but the defendant's contention is that the $300 paid pursuant to the stipulation in the second action was in fact paid in settlement not only of all claim for alimony in that action, but in settlement of the judgment for division of property in the first action.

For the appellant there was a brief by *Kopp & Brunckhorst,* and oral argument by *L. A. Brunckhorst.*

*R. A. Watkins,* for the respondent.

WINSLOW, C. J.    There are two questions in the case: *First.* What was the effect of the remarriage on the judgment for division of property in the first divorce action?    *Second.* Was that judgment paid and satisfied by the stipulation made, in the second action and the payment of the $300 thereunder?

1. The judgment for $1,000 in the first action is confused and inaccurate because it describes that sum as and for "permanent alimony and division of property," whereas it cannot

be both. It must, however, be construed as a division of prop-
erty. *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798.
So construing it, the result necessarily follows that it was a
final adjudication, not open to revision after the term at which
it was rendered, and became the separate estate of the plaint-
iff. Being her separate estate, it continued to be such after
her remarriage to the defendant, and was manifestly unaf-
fected thereby. Sec. 2341, Stats. (1898). Had it been a
judgment for alimony proper, *i. e.* support payable period-
ically, remarriage of the wife, even to a third person, would
probably justify the court in reducing or taking away the
provision entirely. 2 Bishop, Mar., Div. & Sep. § 1058;
14 Cyc. 787, and cases cited in note 24. But, as we have
seen, a judgment for division of the property is final, con-
clusive, and not open to change after the term at which it is
rendered.

2. The judgment not being affected by the remarriage, was
it satisfied by the stipulation? This question must on prin-
ciple be answered in the negative. This court has said, in
accordance with the prevailing rule of law, that "agreements
promotive of marriage are valid, and those in aid of separation
and divorce are void." *Baum v. Baum,* 109 Wis. 47, 85 N.
W. 122; *Oppenheimer v. Collins,* 115 Wis. 283, 91 N. W.
690. The stipulation in question was an agreement in aid of
divorce. The expressed consideration for the agreement to
pay the $300 was the agreement by plaintiff to prosecute an
action for divorce. While there is no direct agreement on de-
fendant's part to abstain from defending the divorce action,
it is very evident that the object and purpose of the agreement
was that plaintiff should diligently prosecute her suit for di-
vorce and receive from defendant $300 for so doing. This
must be considered an agreement having for its object the
facilitating of the procurement of a divorce and hence void.
15 Am. & Eng. Ency. of Law (2d ed.) 956. If the agree-
ment to pay the $300 was void, the agreement by plaintiff that

such sum should be accepted in satisfaction of all claims for alimony is necessarily void, because they are both parts of the same transaction and so woven together as to be inseparable.

*By the Court.*—Order affirmed.

Marshall, J. (*dissenting*).    Irrespective of whether the agreement was of a character rendering it void because promotive of separation between man and wife, I cannot concur in the result.

Without expressly dissenting from the conclusion that the agreement should be classed as pernicious, it seems there is good reason for holding the real intention of the parties to have been to deal with their property matters in view of a pending controversy in which a judicial separation was inevitable.    Actual separation had already taken place.    An action for divorce was pending.    The defendant, evidently realizing that he had no defense, and that his wife had and would prove a cause of action, attempted to make and was successful in making an amicable settlement as to property. That the parties did not intend anything more, is evidenced from the fact that the trial court so considered the matter and disposed of the case, in all respects disregardful of the agreement as to the separation.

There is an elementary rule that if, looking at the language of a contract or its effects and consequences, in view of all the circumstances under which it was made, it will reasonably admit of a construction rendering it valid, that should be adopted rather than one which will render it void.    Such rule is particularly applicable when the latter construction would result in holding the parties to the contract up to infamy, as having violated the moral or written or unwritten law.    It has been applied in such a case as this.    *Paul v. Paul,* 71 Ill. App. 671.

In that case in the terms of the settlement was one that the appellee should file a bill for a divorce from her husband,

which he would not defend, and that upon the bill a decree should be entered against him, with a gross sum for alimony. Yet from other portions of the agreement and all the circumstances, the court reached the conclusion that the entire contract would reasonably admit of a construction that the part on the subject of alimony was independent of the subsequent divorce, and so adopted it, considering, under all the circumstances, that any other result would be so inequitable that no court would allow it if it could be avoided.

If the contract was really one for or to promote a divorce, it was a fraud on the court and might result in most disastrous consequences to the parties who have relied on the judgment of separation as valid. If the court had supposed it was such a contract, it would have doubtless ended the proceedings by dismissing plaintiff's complaint. In this proceeding the trial court did not pass upon that matter, but decided the case upon the question of fact as to whether the parties, by the contract, intended to settle the former money judgment. Mere contracts for the division of property, in contemplation of a divorce, entered into before the commencement of the action, or pending it, are valid. 1 Nelson, Divorce & Sep. § 509.

This case seems unlike *Baum v. Baum,* 109 Wis. 47, 85 N. W. 122, where there was an agreement entered into for a separation more in contemplation of preventing a divorce than otherwise, and unlike *Oppenheimer v. Collins,* 115 Wis. 283, 91 N. W. 690, where there was an agreement upon a consideration to withdraw an action for a divorce and continue marital relations.

We should confess, in passing, that the contract was carelessly drawn, in that it contained some language appropriate to an agreement to promote obtaining a divorce, and so did the contract pursuant to which the allowance of $1,000 was made in the first action. There the parties, in terms, stipulated for a "judgment for a divorce on her complaint as demanded without further notice." But the court seems, in view of the

whole contract and under all the circumstances, to have construed the paper as only dealing with the property matter, and the case proceeded accordingly, no attention being paid to the stipulation for judgment.

. On the question of fact as to whether the former judgment was settled in the last transaction, it being included by mutual intention, as it was in this appropriate language: "To accept. the sum of three hundred dollars as alimony, and further agrees to not ask for or to demand any further sum or sums whatever," the question on which the judgment turned in the court below, this court has not expressed an opinion. That the parties intended to cover everything seems to be conclusively shown by their own practical construction of their agreement. Full payment was made under the second agreement and for seven years thereafter respondent made no claim under the first judgment in question, though it is as certain as anything can well be that she would have made such claim had she not supposed such judgment was settled. After the lapse of many years and the matter being called to her attention, she said she supposed the judgment was settled in the second transaction, and all her subsequent conduct corroborates that. Furthermore, evidence of what occurred when the second contract was made, seems to leave no reasonable doubt about the matter.

If I am wrong in the foregoing, in that there is some doubt, it seems that, since the respondent received the $300, appellant thinking, as he must, that respondent regarded the payment as ending his personal relations with her in every way, and she having given no indication but that she so considered it for many years, she should be held to have acquiesced in appellant's view, if not to be estopped from claiming to the contrary, either of which, acquiescence or estoppel, would be sufficient to entitle appellant to have the cloud upon the title to his land, created by the judgment, removed. I think appellant should prevail.